[No. 2100-2.   Division Two.   April 16, 1976.]

*In the Matter of the Guardianship of* STEPHANIE L. LAUDERDALE, ET AL.

*Robert H. Peterson,* for appellant.

*David E. Schweinler* (of *Ross & Schweinler*), for respondent.

PEARSON, J.—This appeal involves the propriety of an order of the trial court apportioning the proceeds of a wrongful death settlement pursuant to SPR 98.16W and involving the claims of two minor children, two adult children, and the surviving spouse of Patsy Lauderdale Henderson, deceased. Her death on December 15, 1973, gave rise to a potential medical malpractice claim against the United States government involving medical treatment at Madigan Army Hospital. The names of the respective claimants, ages at the time the apportioned settlement was made, and the amount of the apportionments are as follows:

| | | | |
|---|---|---|---|
| Surviving Spouse: | Carroll Henderson | Age 42 | $40,000 |
| Adult Child: | Thomas Lauderdale | Age 19 | 12,500 |
| Adult Child: | Stephanie Lauderdale | Age 18 | 15,000 |
| Minor Child: | Rodney G. Lauderdale | Age 16 | 22,500 |
| Minor Child: | Althea R. Lauderdale | Age 7 | 30,000 |
| | Total Settlement | | $120,000 |

Attorney Robert H. Peterson negotiated the gross settlement of $120,000 and submitted it to the trial court for approval and apportionment pursuant to SPI 98.16W. At the time the tentative settlement was negotiated, Mr. Peterson was representing the two adult children and Carroll Henderson individually, and was the duly appointed general guardian of the two minor children.

Prior to the scheduled hearing, attorney David E. Schweinler was appointed guardian ad litem to protect the interests of the minor children in accordance with SPR 98.16W.

In the hearing the following pertinent factors were brought to the attention of the trial court. Carroll Henderson's marriage to Patsy Lauderdale Henderson was of approximately 1½ years' duration at the time of her death. All four children were natural children of Patsy Henderson by a former marriage. Their natural father was deceased. Carroll Henderson had not adopted the four children, although they were dependent upon him for support and were being supported by him at the time of the hearing. In open court Mr. Henderson agreed to continue support for the minor children until they reached the age of 18 years. The two eldest children were in college. Both Althea and Rodney were receiving approximately $200 monthly Social Security payments, to continue until age 18. The youngest, Althea, was the sole beneficiary of the life insurance policy on her mother's life, in the sum of $12,700.

Mr. Peterson suggested the following apportionment:

| | |
|---|---|
| Carroll Henderson | $60,000 |
| Thomas Lauderdale | 12,500 |
| Stephanie Lauderdale | 12,500 |
| Rodney G. Lauderdale | 15,000 |
| Althea Lauderdale | 20,000 |

The guardian ad litem, Mr. Schweinler, filed a report in open court contending the proposed division to be unfair and suggesting the following apportionment:

| | |
|---|---|
| Carroll Henderson | $40,000 |
| Thomas Lauderdale | 7,500 |
| Stephanie L. Lauderdale | 7,500 |
| Rodney G. Lauderdale | 25,000 |
| Althea R. Lauderdale | 40,000 |

After listening to the testimony of Carroll Henderson, the trial judge indicated his inclination to reduce the proposal as it related to Carroll Henderson to $40,000 and to increase the shares of the minor children upward. The trial judge recessed the hearing and directed the two counsel to come up with a reasonable division of the remaining $80,000. Following the recess the apportionment which is included in the final order was recommended by both counsel, but with Mr. Peterson expressing his opinion that the amount awarded to the surviving spouse was inadequate.

The appeal was filed by Mr. Peterson on behalf of all parties because of the claimed dissatisfaction of several of the beneficiaries. Almost immediately, Mr. Peterson noted a motion seeking from this court instructions concerning the obvious conflict of interest between all of the beneficiaries to the settlement. The matter is not before the court on the merits, although the entire record of the proceedings below has been certified and filed in this court.

The motion by Mr. Peterson states:

This motion is made for the reason that counsel for appellants is uncertain as to precisely what role he should ethically play in the appeal of this cause, what role David E. Schweinler, the court-appointed guardian ad litem should play in the appeal of this cause, what counsel should be appointed and who should bear all of the costs in the said appeal.

Several provisions of the Code of Professional Responsibility bear directly on the question presented. (CPR) DR 5-106 prohibits a lawyer from making an aggregate settlement of the claims of multiple clients "unless each client has consented to the settlement after being advised of the existence and nature of all the claims involved in the proposed settlement, of the total amount of the settlement, and of the participation of each person in the settlement."

Where the claims of minors are involved, however, the court must judicially approve of the settlement before it becomes binding on the minors and that is the reason for the procedures set forth in SPR 98.16W. Consequently,

there would be no conflict of interest for counsel, as he did here, to apply to the court for approval of the tentative settlement. Nor would any conflict problem arise as to counsel's making a recommended apportionment of the aggregate settlement where the adult clients consent to the proposed apportionment after full disclosure, and where the interests of the minors are protected by the appointment of independent guardians ad litem.

■ But where it appears at the hearing (1) that the guardian ad litem, on behalf of the minors, does not agree to the recommended apportionment, or (2) that the court will not approve it, and where it further appears that any changes in the proposed apportionment will adversely affect one or more who have agreed to the settlement on the basis of the proposed apportionment, then a conflict of interest is presented between each of the parties. Any further advocacy by either the counsel or the guardian ad litem which would adversely affect the interest of any beneficiary is untenable. (CPR) DR 5-105(B) or (C).

In the instant case, when the guardian ad litem's report challenged the proposed apportionment (not the aggregate settlement amount), counsel for the surviving spouse and the two adult children was confronted with an immediate conflict of interest. Under these circumstances (CPR) EC 5-16 states that "it is nevertheless essential that each client be given the opportunity to evaluate his need for representation free of any potential conflict and to obtain other counsel if he so desires."

■ Likewise, where an attorney appointed as guardian ad litem to represent the interests of more than one minor whose interests are not substantially the same is placed in the position of advocating or recommending a larger settlement for one to the potential detriment of another, he likewise is representing conflicting claims and his position becomes untenable.

From this analysis, it is apparent that error was committed when the court requested Mr. Peterson and Mr. Schweinler to confer and see if they could agree on a

proposed apportionment of the $80,000, after the court determined to reduce the proposed share of the surviving spouse. The error was compounded when counsel made recommendations to the court without the consent of each of the three adult beneficiaries and when Mr. Schweinler made recommendations with respect to the two minors. We note that neither Thomas nor Stephanie testified, nor were they present in court.

In the face of this patent error it would be useless for the appeal to proceed even though the conflict of interest problem on appeal was resolved. It is therefore our opinion that the order approving the aggregate settlement, which no one contests, should be affirmed. However, the portions of the order apportioning the settlement are vacated and a new hearing should be ordered. Under the circumstances each minor should have a separate guardian ad litem or attorney as contemplated by SPR 98.16W. *See Wood v. Dunlop*, 83 Wn.2d 719, 521 P.2d 1177 (1974). We see no reason why Mr. Schweinler should not continue as guardian ad litem for one of the minors.

The conflict of interest between the adult claimants may be resolved alternatively as follows. Either (1) the guidelines of (CPR) EC 5-16 should be followed and each adult claimant should be given the opportunity of retaining separate counsel, or (2) if all agree after full disclosure of the conflict that the financial costs are such that separate counsel are not warranted, then each adult client should be given the opportunity to testify as to his or her circumstances, needs, and recommended apportionment with Mr. Peterson conducting the examination. The proceedings should be treated as nonadversary. Counsel shall not advocate for one client to the detriment of the other without informed consent of each claimant. The court shall then exercise its discretion in making the apportionment.

We do approve the method devised by the trial court for apportioning pro rata the attorney's fees and costs. We also believe that the fees for the guardians ad litem should be deducted from the share of each minor. Costs on appeal

326

should be shared pro rata. Because of this disposition it is unnecessary to rule on the motion of the guardian ad litem to dismiss the appeal. We make no decision with reference to the merits of the apportionment. Reversed and remanded for a hearing to be conducted in a manner consistent with this opinion.

PETRIE, C.J., and REED, J., concur.