[No. 5208–7–III.   Division Three.   June 23, 1983.]

*In the Matter of the Estate of* JAMES
EDWARD BOETTCHER.

*John Gavin, Darlene Johnson,* and *Gavin, Robinson, Kendrick, Redman & Mays,* for appellants.

*Paul F. Blauert, Paul Robben, Robben & Blauert, Don W. Schussler, Nashem, Prediletto, Schussler & Halpin, Kenneth O. Eikenberry, Attorney General,* and *John D. Fairley, Assistant,* for respondents.

*Frank L. Kurtz, Kurtz & Hurley,* and *Charles C. Countryman,* for guardians ad litem.

GREEN, J.—The dispositive issue is whether the failure to obtain written approval from the Department of Labor and Industries (DLI) of a third party settlement renders that settlement void under RCW 51.24.090. We hold it does and affirm the court's vacating an order which approved the settlement.

Mountain States Construction was the general contractor for the construction of a sewage treatment plant in Wapato. The electrical work was performed by its subcontractor, Tyee Electric. James Edward Boettcher was employed by Tyee. On May 5, 1979, Mr. Boettcher died following an industrial accident that occurred while he was performing electrical work on the construction site. As a result of his death, Janet Boettcher, his surviving wife, received workers' compensation benefits from DLI.

Mrs. Boettcher employed attorney Wade Gano to probate her husband's estate. She also requested him to pursue a third party wrongful death claim against Mountain States Construction on behalf of the estate and its beneficiaries— herself and decedent's minor children, Edward Brian and Bruce Edward.

On October 24, 1979, after several months of negotiation between Mr. Gano and United Pacific Insurance Company, Mountain States' insurer, he obtained Mrs. Boettcher's approval of a gross settlement for $225,000. Of this sum, Mrs. Boettcher understood she would receive approximately $105,000, each child would receive $20,000, $75,000 would be paid to Mr. Gano for attorney's fees, and the balance paid to the Department of Labor and Industries. Whether her understanding was justified is the subject of dispute in the record.

A guardian ad litem was appointed for each child. They approved the gross amount of the settlement. However, one of them informed Mr. Gano he would seek an equal division of the net proceeds, i.e., $50,000 to each beneficiary.

On November 21, an ex parte order was entered approving the $225,000 settlement and authorizing disbursement of $75,000 to Mr. Gano for attorney's fees and costs. A

petition was then filed for a division of the net settlement proceeds. Following a hearing on January 9, 1980, the court, in an oral decision, ordered that the proceeds be divided equally.

Mr. Gano then wrote a letter informing DLI that the amount of the settlement allocated to Mrs. Boettcher would be less than her entitlement under the workers' compensation act. DLI joined with Mrs. Boettcher in moving the court to reconsider the division. The motion was denied.

Thereafter, Mrs. Boettcher and DLI moved to vacate the November 21, 1979, order approving the $225,000 settlement. Following an extensive evidentiary hearing, the court granted the motion. This appeal followed.

While the trial court delineated several reasons[1] for its decision, we reach only the question of whether the settlement was void because DLI's written approval was not obtained.

RCW 51.24.090 provides:

> Any compromise or settlement of the third party cause of action by the injured worker or beneficiary which results in less than the entitlement under this title is void unless made with the written approval of the department . . .

This section was enacted in 1977 as part of several sections dealing with third party actions. RCW 51.24.030–.100. In general, these provisions allow a beneficiary to elect to seek damages for personal injuries from third persons while receiving workers' compensation benefits. RCW 51.24.030. The beneficiary is entitled to benefits under the statute regardless of any election. RCW 51.24.040.

If an election is made to pursue a third party claim and the beneficiary obtains an award or settlement, after pay-

---

[1]Among the reasons given for setting aside the order were the following: (1) Mrs. Boettcher did not give a knowledgeable or informed consent to the settlement; (2) it was the result of mistakes of both fact and law; (3) SPR 98.16W was violated because the guardians ad litem did not file a written report concerning the adequacy of the offered settlement with respect to their wards; (4) RCW 51.24.090 was violated because written consent to the settlement was not obtained from DLI.

ment of costs and reasonable attorney's fees, 25 percent of the recovery is to be paid to the beneficiary. Although the beneficiary may compromise that 25 percent, DLI is entitled to reimbursement out of the remaining proceeds for compensation or benefits paid. The beneficiary then receives any remaining balance. Any award or settlement of the third party action is subject to a lien by the department. RCW 51.24.060.

If the beneficiary elects not to pursue a third party claim, DLI is authorized to do so. It may prosecute or compromise the claim at its discretion and recover benefits paid to the beneficiary after deducting costs and attorney's fees. The beneficiary receives any remainder. RCW 51.24.050.

■ It is apparent from this statutory scheme that the Legislature intended DLI to aggressively collect any benefits paid to the beneficiary. *See* House Journal, 45th Legislature (1977), at 1465. To this end, the right to reimbursement for benefits paid is protected in the settlement context by requiring written approval if the settlement results in the beneficiary receiving less than his or her entitlement. Otherwise, the settlement is void. RCW 51.24-.090. This provision is unambiguous and mandates strict compliance. Since such approval was not obtained in this case, and the portion of the settlement to be paid to Mrs. Boettcher is substantially less than her entitlement from DLI, the settlement is a nullity.

Notwithstanding, it is argued written approval is not required because the gross amount of the settlement, which was negotiated with Mrs. Boettcher as personal representative of the estate, exceeds the total entitlements of all three beneficiaries—Mrs. Boettcher's portion as a beneficiary was decreased below her entitlement only by the subsequent apportionment order. We disagree.

Here, although only Mrs. Boettcher, as personal representative, was authorized to institute a wrongful death action on behalf of her deceased husband's estate, RCW 4.20.010, she was in actuality the conduit through which the settlement was made for all the beneficiaries. Their rights

to benefits under the workers' compensation act are not derived from the deceased worker but are original rights. *Purdy & Whitfield v. Department of Labor & Indus.*, 12 Wn.2d 131, 145, 120 P.2d 858 (1942). Each beneficiary's rights under the act are separate and distinct from the other. *Anderson v. Department of Labor & Indus.*, 40 Wn.2d 210, 215, 242 P.2d 514 (1952); *Gassaway v. Department of Labor & Indus.*, 18 Wn. App. 747, 749, 571 P.2d 966 (1977). DLI is entitled to be reimbursed from the amount awarded to *each* beneficiary. Consequently, a settlement *resulting* in a beneficiary receiving less than his or her entitlement requires DLI's written approval. RCW 51.24.090.

DLI is not statutorily authorized to recoup from the Boettcher children the difference between Mrs. Boettcher's entitlement and her portion of the settlement. Hence, adopting the position of United Pacific and Mountain States would require DLI to absorb $43,000 of Mrs. Boettcher's $93,000 entitlement. We do not perceive the Legislature intended such a result.

United Pacific and Mountain States knew an industrial injury was involved and any settlement with the estate would be apportioned among three beneficiaries. That settlement is controlled by RCW 51.24. As a practical matter, the burden of assuring the requirements of the statute are met rests on the party seeking to enforce the settlement. Consequently, the assertions of United Pacific and Mountain States must fail.

The contention that the motion to vacate should have been dismissed because the full amount of the settlement was not tendered to United Pacific or Mountain States before suit must be rejected. The beneficiaries' portion of the settlement remained with the registry of the court. The payment for attorney's fees was made under court order. It was not until that order was vacated that repayment or tender back became necessary. That was done as soon as the order approving the settlement was vacated. We do not find *Drew v. Bouffleur*, 69 Wash. 610, 125 P. 947 (1912),

cited in support of this contention, applicable here. Affirmed.

MUNSON, A.C.J., and MCINTURFF, J., concur.