*In the Matter of the Estate of*
WILLIAM ROBERT KINSMAN.

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant,*
HELENE PARK KINSMAN, ET AL, *Respondents.*

*Kenneth O. Eikenberry, Attorney General,* and *John D. Farley, Assistant,* for appellant.

*Geoffrey P. Chism* and *James T. Johnson,* for respondents.

SCHOLFIELD, C.J.—The Department of Labor and Industries appeals the trial court's allocation of proceeds from a wrongful death action, awarding the worker's widow less

than her industrial insurance benefits entitlement, despite the Department's lack of consent.

## FACTS

William Robert Kinsman died on December 9, 1981, as a result of asbestos–related injuries. Before his death, Kinsman initiated a personal injury action in United States District Court against several manufacturers of asbestos products, pursuant to RCW 51.24.030,[1] under the Industrial Insurance Act. The action was subsequently converted to a wrongful death and survival action on behalf of his second wife, Helene, and his grown children, Jean and Robert, as permitted in RCW 4.20.060.[2]

Because Kinsman and his widow were receiving industrial insurance medical and pension benefits, the Department was continually advised about the progress of settlement negotiations. Based on the Department's liability to the estate and to Helene for these benefits, the Department, pursuant to RCW 51.24.090,[3] continually reminded the attorney for the three plaintiffs that "[t]he

---

[1]Former RCW 51.24.030 provides:

"Action against third person—Election by injured person or beneficiary authorized. If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person."

[2]Former RCW 4.20.060 (in pertinent part) provides:

"Action for personal injury survives to surviving spouse, child, or heirs. No action for a personal injury to any person occasioning death shall abate, nor shall such right of action determine, by reason of such death, if such person has a surviving spouse or child living, . . . but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such surviving spouse, or in favor of the surviving spouse and children . . ."

[3]Former RCW 51.24.090 reads as follows:

"Action against third person—Compromise or settlement less than benefits—Approval by department or self–insurer. Any compromise or settlement of the third party cause of action by the injured worker or beneficiary which results in less than the entitlement under this title is void unless made with the written approval of the department or self–insurer."

Department would have to approve the basis for the breakdown between what Mrs. Kinsman receives and what is given to the estate" if the amount received by the widow was less than her entitlement under the Industrial Insurance Act.

Ultimately, the wrongful death action was settled for the gross sum of $202,500. The Department had given tacit approval to the gross amount, while reserving its approval as to the allocation. The net proceeds of the settlement after attorney's fees and costs came to $115,150.72. Helene's entitlement[4] under the Industrial Insurance Act was $99,335.96. Apparently, Helene and the children were not on friendly terms and were disputing various assets of Kinsman's estate, including certain bank accounts. Because the parties could not agree to an allocation of the proceeds of the lawsuit, they petitioned the probate department of King County Superior Court to make an allocation. The Department understood that Helene would be seeking a 90 percent share of the net proceeds, which would more than cover her entitlement.

However, just prior to trial, Helene and the children reached an agreement under which the estate would receive $5,657.77 for medical expenses (which the Department had paid, and therefore had a lien against); Helene would receive 20 percent of the remainder, or $21,898.59; and Jean and Robert would split the balance equally between them. The reason for this proposed settlement was a "side agreement" in which the children would relinquish their claims on the disputed bank accounts, giving Helene an additional $24,240.69.

According to the Department's counsel and Helene's attorney, they spoke on Friday, December 16, 1983, and agreed that Helene's position at trial would be to ask for 90 percent of the settlement. The agreement with Jean and Robert's attorney was reached on Friday evening. The

---

[4]The 1984 amendment to RCW 51.24.090 defines "entitlement" as "benefits and compensation paid and payable."

Department was not contacted prior to the trial date on Monday, December 19, 1983.

At that time, the attorney for Jean and Robert presented the stipulated allocation to the court. The Department objected because the amount awarded to Helene would cover only 14 percent of her industrial insurance entitlement. The Department recommended instead a distribution of 40 percent to Helene and 30 percent each to Jean and Robert. The Department based this recommendation in part on a codicil to Kinsman's will in which he indicated that any recovery to the estate should be divided 50 percent to Helene and 25 percent each to the children.

No party presented any testimony (the beneficiaries were not present), and the trial court entered an order granting the stipulated allocation. On December 27, 1983, the Department moved for reconsideration, which was denied by the court on December 29, 1983. The court further ordered the Department's lien on the settlement released after payment to the Department of $12,572.01, the amount of the lien calculated on Helene's share of the proceeds.

This appeal by the Department timely followed.

### DEPARTMENTAL APPROVAL

The Industrial Insurance Act has preempted civil causes of action arising from injuries occurring in the workplace. RCW 51.04.010 states in pertinent part:

> The state of Washington . . . declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, *except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of this state over such causes are hereby abolished, except as in this title provided.*

(Italics ours.) One exception to the abolition of civil causes of action arises when a third party is liable for the harm

caused the employee. RCW 51.24.030 (see footnote 1).

RCW 51.24.040 goes on to state that:

> The injured worker or beneficiary shall be entitled to the full compensation and benefits provided by this title regardless of any election or recovery made under this chapter.

*See also Lowry v. Department of Labor & Indus.,* 21 Wn.2d 538, 151 P.2d 822 (1944).

However, because the Department will be liable to the claimant for the difference, if any, between the amount awarded in the third party action and the claimant's entitlement, the Legislature has given the Department power to approve settlements for amounts which are less than the claimant's entitlement. RCW 51.24.090 (see footnote 3). The respondents here argue that the statute is inapplicable because (a) the settlement with the third party is not at issue and (b) the gross amount of the settlement is more than Helene's entitlement.

We reject these arguments. The language of RCW 51.24-.090 speaks to the "result" of the settlement. The result of a settlement is the amount actually paid to the beneficiary. Therefore, the statute is applicable to the situation before the court.

■ This issue was before the Court of Appeals in *In re Estate of Boettcher,* 35 Wn. App. 178, 665 P.2d 1378 (1983). There, a deceased worker's widow, who was entitled to workers' compensation benefits, sought to overturn the superior court's approval of a settlement entered into with the third party tortfeasor. The court ordered allocation divided the proceeds of $225,000 equally among the widow and her two children. This resulted in an award to the widow which was less than her entitlement under the workers compensation act. The widow and the Department moved to vacate the allocation, and the court granted the motion. The Court of Appeals held that the absence of written approval from the Department invalidated the settlement under RCW 51.24.090. *Boettcher,* at 179.

The court analyzed RCW 51.24.090 as follows:

It is apparent from this statutory scheme that the Legislature intended DLI to aggressively collect any benefits paid to the beneficiary. . . . Otherwise, the settlement is void. . . . This provision is unambiguous and mandates strict compliance. . . .

. . . [I]t is argued written approval is not required because the gross amount of the settlement . . . exceeds the total entitlements of all three beneficiaries . . . We disagree.

. . . DLI is entitled to be reimbursed from the amount awarded to *each* beneficiary.

(Citations omitted.) *Boettcher,* at 181–82.

All three respondents here are not industrial insurance beneficiaries, and the Kinsman settlement was an agreement rather than a court ordered settlement as in *Boettcher.* However, these are distinctions without a difference. The mandate from the Legislature is clear. Absent the Department's approval, no industrial insurance beneficiary may enter into a settlement agreement where the net amount actually received by the beneficiary is less than his or her entitlement.

Because the allocations to all three parties are inextricably linked, it is impossible for the Department to contest the allocation to Helene without contesting the allocations to Jean and Robert.

Jean and Robert argue that the Department is estopped from contesting the trial court's order because the Department failed to present any evidence at trial. However, the circumstances surrounding the negotiated settlement indicate that the Department had no notice that it would be required to protect its right to approve a settlement. The Department's understanding with Helene was that she would ask for 90 percent of the settlement.

Additionally, no trial was in fact held on December 19. The trial court merely approved a stipulated allocation of the settlement proceeds. Without Department approval, the agreed allocation was void. The trial court erred in approving the allocation and in failing to grant the Department's motion for reconsideration. Although described by

the Department as based on CR 60, the motion was timely brought under CR 59. An affidavit filed in support of the motion was adequate to apprise the trial court of facts and law making RCW 51.24.090 applicable. The trial court could have entertained the motion for reconsideration under CR 59(a)(3), "Accident or surprise which ordinary prudence could not have guarded against", or (a)(8), "Error in law occurring at the trial and objected to at the time by the party making the application", for failing to apply RCW 51.24.090.

The Department contends that the trial court erred in failing to take evidence from the beneficiaries concerning damages suffered by each from the wrongful death. The third party chapter of the Industrial Insurance Act provides no statutory scheme for allocation of the proceeds of a wrongful death action among the beneficiaries.[5] Where minor beneficiaries have been involved, the courts have utilized Superior Court Special Proceedings Rule 98.16W, which provides for the appointment of a guardian ad litem and a hearing before the court. *In re Lauderdale,* 15 Wn. App. 321, 549 P.2d 42 (1976). *See also In re Estate of Boettcher, supra.* As the respondents correctly note, this rule is inapplicable to circumstances without minor beneficiaries.

There is no necessity for us to instruct the trial court on this matter. It has broad discretion to consider any relevant evidence presented by any party in making the decision on a fair and equitable distribution.

### ATTORNEY'S FEES

Because we reverse the trial court, we need not reach the respondents' request for an award of attorney's fees against the Department for bringing a frivolous appeal.

The trial court order regarding allocation of proceeds of the wrongful death suit and the order releasing lien and

---

[5]The 1984 amendments to this statute now allow the Department to petition the court to assign the action to the Department if a void settlement is attempted.

authorizing disbursement are reversed and this case is remanded for further proceedings consistent with this opinion.

GROSSE, J., and HOLMAN, J. Pro Tem., concur.

[No. 14234–8–I.   Division One.   June 23, 1986.]