[No. 57284–4. En Banc. May 16, 1991.]

ROBERT L. HADLEY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Petitioner.*

---

[16]*State v. Baker,* 56 Wn.2d 846, 852, 355 P.2d 806 (1960).

[17]WAC 448–12–210.

898

Kenneth O. Eikenberry, Attorney General, and Jeffrey E. Boyer, Assistant, for petitioner.

Davies, Roberts & Reid, Rob Williamson, and David W. Ballew, for respondent.

UTTER, J.—This case presents the issue as to whether, in making its decision to compromise its lien for reimbursement, the Department of Labor and Industries (Department) erred as a matter of law in considering the fact the injured worker had already settled his third party claim. We hold that RCW 51.24.060(3) provides discretion to the Department in making such a decision. As long as the Department considers the factors set forth in the statute, it is not error for the Department to consider the fact the parties have already settled.

I

Respondent Hadley was an ironworker, employed by Leckenby Steel Company. He was injured during the course of employment on January 23, 1982. As a result of his injuries, Mr. Hadley is totally and permanently disabled. Shortly after the accident, he filed a workers' compensation claim. The Department allowed the claim and commenced paying time–loss compensation and medical benefits.

Pursuant to RCW 51.24.030, Hadley filed a third party action against Wright–Schuchart Harbor Corporation and other defendants, alleging that his injuries were caused by their negligence. Hadley claimed $900,000 in damages. Trial commenced in February of 1986, in King County Superior Court. Defendants offered to settle for $150,000 and left the offer open for 3 days. Due to his own substantial comparative fault and his perception that the jury was conservative, Hadley decided to accept the offer of settlement and so notified the defendants on Friday afternoon.

As of the date trial commenced, the Department had paid $81,305.35 in benefits, and had calculated that over $204,000 would be paid in future benefits. RCW 51.24.060 provides for reimbursement to the Department (as trustee of the fund) to the extent benefits have been paid, or are payable, and provides for a lien to ensure reimbursement. RCW 51.24.090 provides that any settlement of a third party action which results in an amount less than the claimant's entitlement (benefits and compensation paid and payable) "is void unless made with the written approval of the department or self–insurer". Since Hadley's entitlement is $285,568.65, this offer was a deficiency settlement and written approval was required by the Department.

On Tuesday, March 4, 1986, Hadley wrote a letter to the Department to request written approval of the settlement and compromise of the lien for reimbursement. The letter informed the Department that the settlement was contingent upon acceptance by 4 p.m. on Monday, March 3, 1986. It also explained the problems in establishing legal liability

on the part of defendants and in overcoming Hadley's comparative fault, and the problems presented by a conservative jury. The letter further informed the Department that Hadley's attorney had agreed to compromise attorney fees to the extent of costs owed (approximately $5,000). Hadley requested that the Department compromise its lien by 80 percent.

The Department offered to compromise its lien in the amount of $5,281.25 (reduction of the reimbursement right by $2,209.60 and waiver of the $3,071.65 offset against future benefits). Under this offer then, Hadley receives $54,500 from the settlement plus $204,265.30 in future benefits. Hadley refused the offer and requested that the Department issue an appealable order.

The Department complied and Hadley appealed to the Board of Industrial Insurance Appeals (Board). The Department's supervisor, Ms. Gabriel, testified that in reviewing Hadley's request, she considered a number of factors. These were: the statutory factors, the reasons set forth in the letter, the fact that the third party claim had already been settled, and the fact that the settlement amount was considerably less than Hadley's entitlement. The Board found the Department acted properly pursuant to RCW 51.24.060(3), and affirmed the above order. Hadley petitioned for review. The Board reconsidered, again denied the petition, and entered a final order affirming the decision in December of 1987.

Hadley then appealed to King County Superior Court. Both parties moved for summary judgment. The court found the Department abused its discretion and therefore its decision was arbitrary and capricious. The court granted Hadley's motion and remanded the matter to the Department to redetermine Hadley's request for compromise.

The Department appealed the order to the Court of Appeals. The Court of Appeals held the Department erred as a matter of law in considering the fact Hadley had already settled, and affirmed the Superior Court. *Hadley v.*

*Department of Labor & Indus.*, 57 Wn. App. 670, 786 P.2d 817, *review granted*, 115 Wn.2d 1007 (1990).

## II

Hadley contends the Department ignored the statute and considered only two factors: that the claim had settled, and that his attorney had compromised his fees. Therefore the Department abused its discretion by relying on factors not set forth in the statute. The Department contends that consideration of the fact the parties had already settled was only *one* factor, and not the sole or most significant factor, in its decision to compromise. It further contends that its decision to compromise is discretionary, that the factors set forth in RCW 51.24.060(3) do not preclude consideration of the fact that parties have already settled, and that its fiduciary obligations regarding the state funds require it to consider this factor. We find the record supports the Department's contention that it did not abuse its discretion.

■ The statute on its face does not prohibit the Department from considering this factor. RCW 51.24.060(3) provides:

> The Department or self–insurer has *sole* discretion to compromise the amount of its lien. In deciding whether or to what extent to compromise its lien, the department or self–insurer shall consider *at least* the following:
> (a) The likelihood of collection of the award or settlement as may be affected by insurance coverage, solvency, or other factors relating to the third person;
> (b) Factual and legal issues of liability as between the injured worker or beneficiary and the third person. Such issues include but are not limited to possible contributory negligence and novel theories of liability; and
> (c) Problems of proof faced in obtaining the award or settlement.

(Italics ours.) RCW 51.24.060(3) requires the Department to consider "at least" three factors and gives the Department "sole discretion" in making its decision to compromise. The proper question for review therefore is whether the Department considered the statutory factors and whether it was an abuse of discretion for the Department to

consider the fact Hadley had already settled. The standard of review is set forth in RCW 51.52.115, which provides, in pertinent part:

> In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be on the party attacking the same.

*See also Jepson v. Department of Labor & Indus.*, 89 Wn.2d 394, 401, 573 P.2d 10 (1977) (decision of the Board shall be deemed prima facie correct and the burden of proving it incorrect is on the party attacking the decision). In *Scott Paper Co. v. Department of Labor & Indus.*, 73 Wn.2d 840, 440 P.2d 818 (1968), this court indicated the burden of proof is a preponderance of competent, credible evidence. 73 Wn.2d at 843–44 (citing *Allison v. Department of Labor & Indus.*, 66 Wn.2d 263, 268, 401 P.2d 982 (1965)). In order for the Board's decision to be considered prima facie correct, there must be substantial evidence to support it. *Jepson v. Department of Labor & Indus., supra* at 401.

The Court of Appeals held this case presents a "pure question of law": "whether DLI correctly interpreted RCW 51.24.060(3) as allowing it to use the fact that a case has already settled as a significant factor against compromise." 57 Wn. App. at 674. However, RCW 51.24.060(3) gives the Department "sole discretion" in determining whether to compromise its right to reimbursement. In order to hold the Department erred, it must have erred *as a matter of law*. The superior and appellate courts failed to recognize there is competent, credible evidence in the record showing the Department considered the statutory factors. Furthermore, the Department's interest (as trustee) in protecting the compensation funds requires it to consider the fact a case has already settled.

### III

Hadley alleges the Department "only" considered the fact the parties had already settled. However, at the hearing before the Board, Ms. Gabriel testified that she considered other factors besides the settlement issue, such as:

promotion of settlement; factors of concern to claimant's attorney; those factors set out in the statutes, which she emphasized are the "prime factors" in her determination; the timing of the settlement; factors set forth in Hadley's letter; the problems Hadley faced regarding comparative fault; the fact it was a deficiency settlement; vulnerability of the funds; and compromise of attorney fees. See Clerk's Papers, at 122–55.

Hadley also claims that the Department would have agreed to compromise its lien by up to 80 percent had it been aware of the offer just prior to settlement. This allegation is not an accurate representation of the record. In response to a direct question from Hadley's attorney as to whether she would have compromised at 80 percent, Ms. Gabriel answered: "No. I'm sure I would have discussed it with you, I wouldn't just accept it". Clerk's Papers, at 162. She testified she "may have accepted it" but could not say for certain she would have. She stated that perhaps, if the parties had had more time (say a month), there might have been more time for negotiation. Clerk's Papers, at 162–63. However, she never testified that she would have compromised by 80 percent. Throughout her testimony, she continued to assert that the fact the parties had already settled was just *one* factor in her decision. Hadley then alleges the Department "only" compromised its lien by the percentage the attorney compromised his fees. Ms. Gabriel testified that this too was just one factor in her decision. Clerk's Papers, at 152–55.

## IV

RCW 51.24.060(3) sets forth the *minimum* factors which the Department must consider in its decision to compromise. The record contains substantial evidence that these factors were considered. The statute does not preclude consideration of other factors, such as the fact the parties had already settled and that Hadley's attorney had agreed to compromise his fees. It is consistent with the statute, and with the underlying purposes of the third

party chapter, for the Department to consider the effect of settlement on the compensation funds. This court recently reaffirmed the Department's interest in protecting the fund in *Maxey v. Department of Labor & Indus.,* 114 Wn.2d 542, 547, 789 P.2d 75 (1990) (entire scheme of RCW 51.24 evidences the Department's interest in recovery from responsible third party). The Court of Appeals stated this interest is "not unreasonable", but then failed to recognize that Washington courts have a long history of protecting it. *See Arthun v. Seattle,* 137 Wash. 228, 242 P. 16 (1926); *Kelley v. Howard S. Wright Constr. Co.,* 90 Wn.2d 323, 582 P.2d 500 (1978); *In re Estate of Boettcher,* 35 Wn. App. 178, 665 P.2d 1378 (1983); *In re Estate of Kinsman,* 44 Wn. App. 174, 721 P.2d 981 (1986).

The Court of Appeals' statement that this interest "cannot be allowed to override other, equally legitimate, considerations", 57 Wn. App. at 676, is inconsistent with these decisions and with the underlying purposes of the third party chapter. If all factors are of "equal" legitimacy, the statute by its terms gives the Department sole discretion to determine which factors are to be given decisive importance in a particular case. The court's suggestion the Department is to give *no* consideration to the fact a settlement has already occurred is error.

It appears that the lower courts had difficulty not with the fact the Department considered the settlement factor, but rather with the *weight* given to this factor. The Court of Appeals characterized the Department's consideration of settlement as a "significant" factor. 57 Wn. App. at 674. The decision is based on a finding that the Department has a "policy against compromising in cases where settlement has already occurred". 57 Wn. App. at 677; *see also* 57 Wn. App. at 675, 676. Such a finding is contrary to the testimony of Ms. Gabriel. She testified that while the Department did put together a policy manual when RCW 51.24.060 was first amended, the policy has not been used very much since it was written, and was intended more as a guideline. The requirement that requests be in writing was

superseded because it was not always practical, given the time pressures of litigation. Furthermore, the policy manual was never published and was only used by a few employees. This testimony, combined with the fact the Department did compromise Hadley's lien, shows that the Department has no such policy.

▮ The trial court and the appellate court, in reviewing a discretionary decision of the Department, must find that the decision was "manifestly unreasonable" in order to reverse it. *Hadley,* 57 Wn. App. at 674 (citing *Wilson v. Board of Governors,* 90 Wn.2d 649, 656, 585 P.2d 136 (1978), *cert. denied,* 440 U.S. 960 (1979)). Neither the Superior Court nor the Court of Appeals has given sufficient deference to the Department's exercise of discretion. The record establishes that the Department considered several factors, including those set forth in the statute, in making its decision to compromise its right to reimbursement. Moreover, the Department did in fact compromise Hadley's lien. That it did not compromise to the extent he requested is not, itself, a reason to reverse the Department's decision. The Court of Appeals' decision that the Department erred *as a matter of law* in its treatment of Hadley's request for compromise is erroneous, and therefore we reverse.

## V

The Department argues that Const. art. 8, § 5, which prohibits the State from giving its money or property to any private entity, prohibits the Department from compromising its right to reimbursement in this case. Because Hadley had already settled, he had no consideration to offer in exchange for the compromise. This argument is inconsistent because the Department did in fact compromise in Hadley's case.

Article 8, section 5 provides:

> The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation.

The Court of Appeals held that the industrial insurance funds are not "general" state funds and therefore are outside the purview of this provision. 57 Wn. App. at 676. This holding can be sustained on different grounds.

■■ An exception from the constitutional prohibition exists where the State expends money in exercising a "recognized public governmental function". *In re Marriage of Johnson*, 96 Wn.2d 255, 261–62, 634 P.2d 877 (1981) (public benefit achieved from such functions is the "consideration" for the funds expended). The Department, in making compromise decisions, is exercising the recognized public governmental function of administering a system of industrial insurance. Compromise of the funds is authorized under RCW 51.24.090(1). Const. art. 8, § 5 does not prohibit the Department from compromising its right to reimbursement after an injured worker has already settled with a third party.

The Department's consideration of the fact the parties had already settled is consistent with the requirements under RCW 51.24.060(3) and with the underlying purposes of the third party chapter. The Board's decision is supported by competent, credible evidence and there is no error. We therefore reverse the Court of Appeals and the Superior Court decisions and affirm the decision of the Board of Industrial Insurance Appeals.

DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., and CUNNINGHAM and WIELAND, JJ. Pro Tem., concur.

JOHNSON, J. (dissenting)—The majority holds that when the Department of Labor and Industries decides whether to compromise its lien for reimbursement, the Department may consider the fact that the injured worker and the third party have finalized a settlement. This holding grants the Department a windfall recovery at the expense of the injured worker. This result is contrary to the policies behind the Industrial Insurance Act, RCW Title 51. I would hold that the Department abused its discretion in relying

on the fact that settlement had occurred in evaluating Robert Hadley's request to compromise its lien.

When an injured worker claims workers' compensation benefits, the Department retains a lien on any money the worker recovers against the third party tortfeasor. RCW 51.24.060(2). The lien allows the Department to be reimbursed for the benefits and compensation it pays to the injured worker. RCW 51.24.060(1)(c). The Department is authorized to compromise its lien after the mandatory consideration of three factors:

> The department or self–insurer has sole discretion to compromise the amount of its lien. In deciding whether or to what extent to compromise its lien, the department or self–insurer *shall* consider at least the following:
> (a) The likelihood of collection of the award or settlement as may be affected by insurance coverage, solvency, or other factors relating to the third person;
> (b) Factual and legal issues of liability as between the injured worker or beneficiary and the third person. Such issues include but are not limited to possible *contributory negligence* and novel theories of liability; and
> (c) *Problems of proof* faced in obtaining the award or settlement.

(Italics ours.) RCW 51.24.060(3).

This statute also gives the Department some discretion to consider other factors. This discretion, however, is not unbounded. The Department may consider other factors only if those factors are consistent with the policies of the Industrial Insurance Act. See majority, at 904–05.

The policies of the Industrial Insurance Act do not support allowing the Department to consider the fact that the parties finalized a settlement. The majority errs in concluding otherwise. The majority analyzes this issue as follows:

> It is consistent with the statute, and with the underlying purposes of the third party chapter, for the Department to consider the effect of settlement on the compensation funds. This court recently reaffirmed the Department's interest in protecting the fund in *Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 547, 789 P.2d 75 (1990) (entire scheme of RCW 51.24 evidences the Department's interest in recovery from responsible third party). The Court of Appeals stated this

interest is "not unreasonable", but then failed to recognize that Washington courts have a long history of protecting it.

Majority, at 904–05.

The majority ignores the essential difference between this case and *Maxey*. The Department may have an interest in zealously protecting the fund when dealing with tortfeasor/third parties. However, the Department does not have the same adversarial interest in protecting the fund from the legitimate claims of injured workers. At the very foundation of the Industrial Insurance Act is the policy that the Department will provide a remedy to injured workers. RCW 51.04.010; 51.04.020. Moreover, this act is to be liberally construed in favor of compensating the injured worker, not in favor of reimbursing the State. RCW 51.12-.010; *Seattle Sch. Dist. 1 v. Department of Labor & Indus.*, 116 Wn.2d 352, 359–60, 804 P.2d 621 (1991).

The majority cites neither statutes nor cases which can justify treating a compromise request differently when the parties have finalized a settlement. When the delay in seeking the Department's compromise arose through no fault of the worker, the Department should be required to treat compromise requests without regard to the status of the settlement negotiations. Here, Hadley's "delay" in seeking the Department's compromise resulted from the third party's time limit for accepting the settlement offer. The third party gave Hadley *one weekend* to decide whether to accept the offer. Also, Hadley reasonably, although erroneously, thought the Department would only accept compromise requests in writing.

The circumstances of this case are not unusual. Offers are often made on the eve of trial and they frequently remain open for only a limited period of time. Under these circumstances, the worker's attorney does not have the time to seek the Department's compromise before deciding whether to accept the offer. To hold that the worker does not receive his proportionate share of the attorney's labors will unfortunately discourage the pursuit of future third party claims.

In responding to Hadley's request, the Department placed great emphasis on the fact that settlement had occurred. The official who handled the matter for the Department testified that the Department would have increased the extent of its compromise if the parties had not already settled. She testified that the Department "may" have even compromised 80 percent of the lien, rather than the approximate 9 percent compromise ($5,280) that the Department actually granted here. She said Hadley would have had "serious" difficulties proving the third party was liable. Also, she said Hadley would have had problems overcoming the issue of his own comparative fault. Both of these difficulties are "prime" factors that the Department uses in determining the extent to which it should compromise its lien. Thus, the fact of settlement obviously played a major role in the Department's decisionmaking.

I would hold that the Department's reliance on the previous settlement was improper under the Industrial Insurance Act. Under this holding, the Department abused its discretion by relying on an untenable ground in responding to Hadley's request. *See Allard v. First Interstate Bank of Wash.*, 112 Wn.2d 145, 148, 768 P.2d 998, 773 P.2d 420 (1989) (reliance on untenable grounds constitutes abuse of discretion). The Board of Industrial Insurance Appeals similarly erred in affirming the Department's decision. *See* RCW 51.52.115.

Accordingly, I would affirm the Superior Court's summary judgment in Hadley's favor, although on different grounds than those relied on by the Court of Appeals. I would remand the case for the Department to reconsider its decision using proper criteria.

After modification, further reconsideration denied August 20, 1991.