[No. 29629-9-I. Division One. May 24, 1993.]

RICHARD E. SPRINGSTUN, *Appellant,* v. WRIGHT SCHUCHART, INC., ET AL, *Respondents.*

84

*Thomas J. Chambers* and *Thomas J. Chambers Law Offices,* for appellant.

*M. Colleen Barrett* and *Julin, Fosso, Sage, McBride & Mason; Christine O. Gregoire, Attorney General,* and *Jeffrey E. Boyer, Assistant,* for respondents.

GROSSE, J. — Richard E. Springstun appeals the trial court's decision affirming the Board of Industrial Insurance Appeals'

(the Board) decision allowing Springstun's employer, Wright Schuchart, Inc., to assert its unreduced statutory lien against Springstun's third party settlement in this workers' compensation case. Finding that the self-insured's decision regarding its statutory lien was not an abuse of discretion, and that there was substantial evidence to support the Board's finding that the factors listed in RCW 51.24.060(3) were considered, we affirm the judgment.[1]

On December 16, 1982, appellant was struck by an unsecured metal scaffolding blown off of the 17th floor of a building under construction in Bellevue. The scaffolding was owned by Williams Insulation. At that time, appellant was a construction worker employed by respondent Wright Schuchart, Inc. Appellant continued to work for over 2 years after the incident, although he started experiencing seizures after a year. After 2½ years, appellant developed a fear of heights and was diagnosed as having a seizure disorder and a headache syndrome precipitated by the industrial accident.

Appellant filed a claim under the Industrial Insurance Act, RCW 51.28.020, which was allowed, and as of May 11, 1989, he had received $113,541.87 from Wright Schuchart, a self-insured employer under the act.

Appellant also elected to pursue a third party claim against the subcontractor, Williams Insulation. Before the case went to trial, appellant's attorney and attorneys for Williams Insulation met in order to mediate the issues. Representatives from Wright Schuchart were not present at the mediation. Allegedly, Wright Schuchart had been invited to the mediation but Patty Burri, from EBI, which administered Wright Schuchart's workers' compensation program, stated that Wright Schuchart would not reduce its lien on a third party recovery "by one dime".

---

[1]The case was also filed against the Department of Labor and Industries, which has filed a joint respondents' brief with Wright Schuchart. However, appellant has directed all of its arguments to that part of the decision relating to Wright Schuchart. Though our decision affirming the Board applies to all parties affected by the Board's decision, we address only those arguments raised by the appellant against Wright Schuchart.

The case eventually settled for $375,000. Prior to settlement, Wright Schuchart representatives and their attorney had discussed their position concerning a reduction in their statutorily allowed lien but declined to reduce the lien at that time. After settlement, the subject was again discussed and Wright Schuchart again decided not to compromise its lien. After settlement, Wright Schuchart and the Department of Labor and Industries (the Department) sought to recover their expenses against the amount of this settlement that was statutorily available to reimburse the payor in workers' compensation cases. On May 11, 1989, the Department issued an order awarding the Department and the self-insured employer the entire amount of their statutory entitlement. This award was eventually reduced by that proportion of attorney fees which was to be borne by these parties for the pursuit of the third party claims.

Springstun filed an appeal from the Department's order on September 19, 1989, claiming that Wright Schuchart did not follow the statutory guidelines in determining whether to reduce its lien against the third party recovery. Several prehearing motions, including a motion to disqualify plaintiff's attorney were heard and denied. None of these motions are appealed in the present action.

The depositions of several employees of Wright Schuchart were presented as evidence on the appeal of the Department's decision. Most testified that the issue of compromising the lien was considered both before and after settlement. Gary Keehn, a workers' compensation attorney for Wright Schuchart, said he recommended against reducing the lien before the settlement because he felt that the case would be a winner and that any settled recovery would still provide all of the amounts needed to reimburse Wright Schuchart.

Paul Myhre of Wright Schuchart, who had the ultimate authority to make a decision regarding a compromise of the claim for reimbursement, testified that when making his decision on whether to compromise the lien, he took into account problems of proof, liability issues and the availabil-

ity of money to repay the lien. He specifically stated that he did not consider the settlement in making the decision.

A proposed decision and order denying claimant's appeal was issued by the hearing judge on February 19, 1991. The claimant filed a petition for review on March 14, 1991, seeking review on the issue of whether or not there was an abuse of discretion in Wright Schuchart's refusal to reduce its statutory entitlement. The Board denied the petition and adopted the order of the hearing judge as its final order.

This decision was appealed to the King County Superior Court which affirmed the order of the Board on October 25, 1991. This appeal followed.

The Industrial Insurance Act, RCW 51.24.060, provides for a mandatory distribution of all moneys recovered from a third party for a work related injury, without exception. After reasonable costs and attorney fees are paid, and after the worker has received 25 percent of the proceeds,

> the Department [and/or a self-insurer] has an unqualified, unrestricted right to all of the balance to the extent of the amount of compensation and benefits paid and payable.

*Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 546, 789 P.2d 75 (1990). However, a self-insurer or the Department may choose to compromise this lien.

RCW 51.24.060(3) provides:

> The department or self-insurer has sole discretion to compromise the amount of its lien. In deciding whether or to what extent to compromise its lien, the department or self-insurer shall consider at least the following:
> (a) The likelihood of collection of the award of settlement as may be affected by insurance coverage, solvency, or other factors relating to the third person;
> (b) Factual and legal issues of liability as between the injured worker or beneficiary and the third person. Such issues include but are not limited to possible contributory negligence and novel theories of liability; and
> (c) Problems of proof faced in obtaining the award or settlement.

In reviewing a decision of the Board under RCW 51.24-.060(3), the Board's decision shall be considered prima facie

correct. *Hadley v. Department of Labor & Indus.*, 116 Wn.2d 897, 903, 810 P.2d 500 (1991) (citing RCW 51.52.115).

> If the court shall determine that the board has acted within its power and has correctly construed the law and found the facts, the decision of the board shall be confirmed; . . ..

RCW 51.52.115. To determine whether the Board has correctly approved a decision on whether to compromise a statutory lien therefor, "[t]he proper question for review . . . is whether the Department [or self-insurer] considered the statutory factors and whether" the Department (or self-insurer) abused its discretion by basing its decision on compromising its lien in a way which is contrary to law. *Hadley*, 116 Wn.2d at 902-03.

Appellant contends that the Board's decision is incorrect for both reasons: that in making its decision on whether to reduce its lien, Wright Schuchart considered *only* its economic self-interest or, alternatively, considered the statutory factors which it is required to consider in making its decision under RCW 51.24.060(3) in a manner which was contrary to law. Appellant's contentions on appeal thus present two issues for review: (1) did Wright Schuchart fail to consider the required statutory factors and/or (2) did Wright Schuchart consider the factors under the statute in a way that is contrary to law.

We first consider whether Wright Schuchart considered the factors required for consideration under RCW 51.24-.060(3) in making its decision. The Board in this case found that Wright Schuchart specifically considered the required statutory factors in making its decision not to compromise its statutory lien. As a question of fact, this determination of the Board is to be upheld if supported by substantial evidence. *Hadley*, 116 Wn.2d at 903.

We find the Board's decision that Wright Schuchart considered the required statutory factors to be supported by substantial evidence. Paul Myhre testified that he considered all of the statutory factors listed in RCW 51.24.060(3) in determining that Wright Schuchart would not reduce its lien against the third party recovery. This provides substantial evidence sup-

porting the Board's decision that the statutory factors were considered. Appellant asserts that because there were substantial proof problems in the third party action of which Wright Schuchart was aware means that a decision not to settle must have disregarded this factor. This is simply not so. These factors are important because they affect the self-insurer or Department's chances of recovery as well as the recovery of the claimant, but the decision to reduce the lien or not, and the risk that this decision involves, is in the discretion of the self-insurer or Department. Therefore, if there is competent evidence that each factor was considered, it is immaterial if the ultimate decision would be contrary to that which would have been made by the claimant.

We next consider appellant's contention that, if Wright Schuchart did consider the required factors, it considered them improperly in violation of the statute, and that the Board's decision affirming Wright Schuchart thus requires reversal. Appellant specifically contends that Wright Schuchart considered the statutory factors without respect to the claimant's interest and that the failure to do so was a misapplication of the law.

■■ Our examination of the statute, its legislative history, and prior interpretations of the statute in case law convinces us that the self-insurer under the act is not required to consider the statutory factors only with respect to the claimant's interest.

With respect to the statute itself, nowhere is it indicated that the Department or a self-insured employer must consider solely the interest of the claimant in determining whether to reduce its lien against third party recoveries. Indeed, the statute specifically indicates the three factors that must be considered, and consideration of other factors is not prohibited. *Hadley*, 116 Wn.2d at 905. That the factors specifically concern the viability of the claimant's case against the third party may indicate that more than the self-insured's self-interest should be considered, but certainly do not indicate, without more, that the claimant's interest is the only consideration.

Moreover, legislative history does not support a "reading in" of this requirement. The workers' compensation statute was set up as a compromise between business and labor whereby, in exchange for certain recovery of basic medical expenses and lost wages, labor would give up recovery based on the extent of fault. *Maxey*, 114 Wn.2d at 549. At the time the workers' compensation statutory scheme was created, the Legislature preserved a worker's right to pursue a third party tortfeasor, but did so in a way that protected the insurance fund. Though a worker could sue a third party tortfeasor, that worker could not receive workers' compensation until completion of the third party action, and even then could only recover the difference between the third party recovery and the amount of benefits otherwise due the worker under the act. The worker also had to receive prior written approval from the Department before settling for less than the worker was due under the act. If the worker chose not to sue, the Department was assigned the entire action from which it could recover the paid-out benefits. Former RCW 51.24.010.[2] Thus, from the beginning, the Department's interest in the injured worker's third party recovery was considered and preserved.

Later, parties were allowed to receive compensation *and* maintain an action against a third party, but the Department's, and later the self-insured's, rights against any third party recovery were still preserved by subrogation. RCW 51.24.050. In its present form, the act still provides the Department or self-insured with an *absolute* right of reimbursement from any third party recoveries under RCW 51-.24.060(6).

When the legislation at issue, which allows the Department or self-insured to compromise its lien, was adopted in 1983, there was no indication that the Legislature's historic protection of the fund was abandoned in favor of only considering the interests of the claimant. Although the factors which the Department or self-insured must consider concern

---

[2]Repealed by Laws of 1977, 1st Ex. Sess., ch. 85, § 10. Generally recodified at RCW 51.24.050.

the claimant's chances of succeeding against a third party, this in turn would also affect the amount of reimbursement available to the Department or self-insured employer.

From examining the comments of one of the cosponsors of the bill, it appears that the Legislature was concerned that more third party recoveries were not being settled for a sum certain, and that this concern was not just for the recovery to the injured worker but also, as admitted by the appellant, for the reimbursement right of the Department. As stated by cosponsor Senator Phil Talmadge:

> [Under the current statute] [t]he Department simply says, 'we don't compromise the lien, you have to pay us the whole amount of what the employee has received from the state.' The problem is that if the employee is partially at fault, there is the comparative negligence statute. It makes it practically impossible for the parties to arrive at a settlement, because of that refusal to compromise the lien. This [bill] basically allows that."

Senate Journal, 48th Legislature (1983), at 276-77.

Without the Department being able to compromise its lien, both the injured party's and the Department's reimbursement might be in peril. Certainly, in the face of the historically strong interest in protecting the fund, we cannot say that the purpose of the statute at issue was simply to protect the claimant's third party recovery.

Prior case law also supports our conclusion. As stated in *Maxey*, 114 Wn.2d at 547, "[t]he *entire* scheme of RCW 51.24 evidences the vital interest of the Department in a recovery from a responsible third party." *See also Clark v. Pacificorp*, 118 Wn.2d 167, 184, 822 P.2d 162 (1991) (In addition to providing for the claimant, one of the major purposes of the act is to protect the fund.).

In *Hadley*, the Supreme Court held that the Department has *sole* discretion in deciding what weight to give the various factors and may consider other factors besides those listed in the statute. *Hadley*, 116 Wn.2d at 905. Specifically, the court held that the Department could consider the fact that settlement had already occurred in determining not to reduce its lien or only reduce it by a small amount. *Hadley*, 116 Wn.2d at 905-06. This clearly indicates that the Depart-

ment, and thus the self-insured, may consider more than the claimant's interest in determining whether to compromise its lien since a consideration of the fact that the settlement has already occurred may militate against a compromise of the lien, a disadvantage to the claimant.[3]

Appellant may be correct that allowing the Department or self-insurer to consider the factors with respect to other than the claimant's interest could hamper the third party recovery scheme in certain instances by discouraging attorneys from taking appropriate cases. For instance, if an attorney discovers problems that will make a recovery at trial risky, he or she may often be forced to go to trial anyway if the offered settlement would not provide enough of a recovery to the client to provide funds beyond the required attorney fees and reimbursement. In that situation, the client has no incentive to settle because if he loses at trial, attorney fees may not be required in any event, since the attorneys are usually retained on a contingency fee basis. Nevertheless, this is an issue for the Legislature. The statute as now constituted clearly requires only that the Department or self-insured consider the factors set out in RCW 51.24.060, *in its sole discretion*, when determining whether to compromise a reimbursement right. It is not required that these factors be considered only with respect to the claimant's self-interest or that they be the only factors considered.[4] Therefore, the self-

---

[3]Appellant contends that this decision should diverge from *Hadley* because a self-insurer is fundamentally different from the Department. Specifically, appellant contends that a self-insurer's financial considerations are opposed to the claimant's while the Department's are not. We disagree. As noted above, the legislative history of the act indicates that the Legislature has always been concerned about the Department preserving its fund. This fund is protected by allowing liens against third party recovery. In this way, the Department's interest is no different than that of the self-insured — to recover its prior and expected payout from the third party recovery.

[4]We note that the trial court's memorandum decision should not be construed as indicating that Wright Schuchart considered the statutory factors only with respect to its own self-interest. The findings of the Board, which are to be upheld if supported by substantial evidence, are clear that in this case Wright Schuchart considered more than its own economic self-interest in making its decision, and

insurer did not abuse its discretion by failing to consider the statutory factors listed in RCW 51.24.060(3) only with respect to the claimant's interest in his recovery.

We affirm the decision of the trial court.

COLEMAN and BAKER, JJ., concur.

Review denied at 122 Wn.2d 1019 (1993).

as noted above substantial evidence supports this finding. Therefore, we do not explicitly decide whether such consideration is proper under the statute.