[No. 9016-3-II. Division Two. June 4, 1987.]

ROSE M. BANKHEAD, *Individually and as Guardian, Respondent,* v. AZTEC CONSTRUCTION COMPANY, *Defendant,* THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* for appellant.

*Donald E. Kelley,* for respondent.

GOODLOE, J.*—This case involves application of the distribution requirements of RCW 51.24.060 of the Industrial Insurance Act to damages recovered by a personal representative on behalf of a deceased worker's estate. The trial court held that RCW 51.24.060 did not apply. We reverse.

The facts are not in dispute. Daniel Bankhead was injured in the course of his employment on March 14, 1980. For his injury, Mr. Bankhead claimed and received industrial insurance benefits and compensation. *See* RCW Title 51. As of October 1984, the Department of Labor and Industries had paid industrial insurance benefits totalling $141,796.23 to or on behalf of Mr. Bankhead and his estate.

Because the injury was caused by "third parties" not in the same employ as Mr. Bankhead, Mr. Bankhead was authorized to pursue a separate cause of action against such third parties pursuant to RCW 51.24.030. Mr. Bankhead elected, through his guardian and mother, Rose Marie Bankhead, to begin this action against Aztec Construction Company.

Shortly after the suit was filed, Mr. Bankhead died. Pursuant to the survival provisions of RCW 4.20.046, Mrs. Bankhead was appointed the personal representative for continuation of the action. In October 1984, the estate settled the lawsuit for $75,000. Mrs. Bankhead received no damages personally.

The Department then filed a notice of statutory lien demanding reimbursement in the amount of $23,917.70 from the settlement in accordance with the distribution requirements of RCW 51.24.060. Mrs. Bankhead did not contest the amount of the claimed lien. Rather, she contended that the Department was not entitled to any reimbursement because the settlement, having been made by one other than an "injured worker or beneficiary", was not subject to the statutory distribution requirements. The

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division Two.

Department moved the trial court for an order of determination of the Department's claimed lien, which motion was denied. The trial court evidently concluded that the $75,000 recovered by Mrs. Bankhead on behalf of her son's estate was not subject to the distribution requirements of RCW 51.24.060. The Department appeals.

The sole issue before the court is: When a deceased worker's personal representative recovers damages in a survival action against the third parties who caused the worker's injury, does RCW 51.24.060 entitle the Department to a lien on this recovery for reimbursement of a portion of industrial insurance benefits previously paid out to the injured worker? We hold that RCW 51.24.060 entitles the Department to a reimbursement lien.

The Industrial Insurance Act (Act), RCW Title 51, provides the exclusive remedy for workers, along with their families and dependents, unintentionally injured during the course of their employment. A worker who receives workers' compensation benefits under the Act has no separate remedy for his or her injuries except where the Act specifically authorizes a cause of action. RCW 51.04.010, 51.32.010. RCW 51.04.010 states:

> The state of Washington . . . declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, *except as otherwise provided in this title;* and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, *except as in this title provided.*

(Italics ours.) The exclusiveness of the remedy provided in the Act is repeated in RCW 51.32.010:

> Each worker injured in the course of his or her employment, or his or her family or dependents in case of death of the worker, shall receive compensation in accordance with this chapter, and, except as in this title

otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever . . .

The exclusiveness of the remedy is also well recognized by the Supreme Court. *See Provost v. Puget Sound Power & Light Co.*, 103 Wn.2d 750, 696 P.2d 1238 (1985); *Thompson v. Lewis Cy.*, 92 Wn.2d 204, 595 P.2d 541 (1979); *West v. Zeibell*, 87 Wn.2d 198, 550 P.2d 522 (1976).

RCW 51.24, the "third party chapter", provides an exception to the Act's prohibition of any other remedy. *See In re Estate of Kinsman*, 44 Wn. App. 174, 721 P.2d 981 (1986). RCW 51.24.030 authorizes an "injured worker or beneficiary" to seek damages for injuries to the worker which were negligently caused by third parties not in the same employ. However, any such recovery by the "injured worker or beneficiary" is subject to the distribution requirements of RCW 51.24.060. RCW 51.24.060 entitles the Department to a proportionate share in the recovery up to the amount necessary to reimburse the Department for sums paid and provides the Department with a lien on the recovery by which to secure its reimbursement. RCW 51.24.060(1) and (2).

Mrs. Bankhead argued before the trial court that RCW 51.24.060 authorized the Department to obtain reimbursement only from an injured worker or beneficiary and not from the personal representative of a deceased worker. Since she was not the one injured and cannot qualify as a workers' compensation beneficiary, *see* RCW 51.08.020, Mrs. Bankhead contended that her recovery is exempt from statutory distribution requirements. Further, Mrs. Bankhead argued that in the absence of an express provision otherwise, the third party chapter, RCW 51.24, only applies when a worker is injured and not when a worker dies. Mrs. Bankhead raises these same arguments as respondent on appeal.

The Department argues on appeal that the third party chapter covers all injuries, including fatal injuries, that arise from covered employment. *See, e.g.,* RCW 51.08.100

(definition of injury); *Woods v. Department of Labor & Indus.*, 62 Wn.2d 389, 393, 382 P.2d 1014 (1963) ("injury" as used in the Act includes those happenings that produce death); *see also* RCW 51.24.030, amended by Laws of 1984, ch. 218, § 3. The Department stresses that the Act provides the exclusive remedy for injured workers and their families. Mrs. Bankhead derived no personal cause of action under the Act and made no personal recovery; any recovery made by Mrs. Bankhead was in her capacity as personal representative and belongs to Mr. Bankhead's estate. Thus, the Department argues the recovery paid to Mr. Bankhead's estate is identical to recovery paid to an "injured worker" and is subject to RCW 51.24.060's distribution requirements.

■ The Department's position is correct. The Act has preempted all civil causes of action arising from workplace injuries with the exception of those third party actions authorized under RCW 51.24. *Kinsman,* at 177; *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 884, 652 P.2d 948 (1982). The exclusive remedy provisions of the Act apply to fatal as well as nonfatal injuries. RCW 51.32.010; *see also Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978); *West v. Zeibell, supra.* These provisions serve to preclude not only the injured worker, but all other persons and members of his or her family, from bringing a separate suit; they even preclude those such as nondependent parents who are not Act "beneficiaries". *West v. Zeibell, supra; Ledesma v. A.F. Murch Co.,* 87 Wn.2d 203, 205, 550 P.2d 506 (1976); *see* RCW 51.08.020; RCW 51.08.050. Since injuries resulting in death are thus barred from action by the exclusive remedy provisions, such injuries can *only* be actionable, if at all, under the third party chapter. Mrs. Bankhead claims she is exempt from the distribution requirements of RCW 51.24-.060 because she is neither an "injured worker or beneficiary" within the meaning of that language. But if she were neither an "injured worker or beneficiary", then she would never have been entitled to bring a third party action under

RCW 51.24.030; she would have no action at law whatsoever for her son's workplace injuries. *See generally* Survey of Washington Law, *Wrongful Death—Minor Child*, 12 Gonz. L. Rev. 561, 567–68 (1977) (discussing exclusive remedy provisions of Act as general bar to suit by parents where child dies as a result of an industrial accident).

The Department's position is buttressed by the recent addition of clarifying language to the Act. A new section was added to RCW 51.24.030 in 1984 to clarify that "injury" includes death. *See* Laws of 1984, ch. 218, § 3. In addition, a new subsection (2) was added to RCW 51.24.050 that authorizes the Department to obtain the appointment of a personal representative for the purpose of maintaining a third party action when an injured worker dies. Laws of 1984, ch. 218, § 4. RCW 51.24.050 permits the assignment of third party actions to the Department, to be prosecuted on behalf of the injured worker, when the injured worker elects personally not to proceed. The 1984 amendment to this section implies that the Legislature contemplated that a personal representative would sometimes be needed to maintain a deceased worker's action. The distribution scheme in RCW 51.24.050 is essentially the same as that in RCW 51.24.060. The primary difference is that under RCW 51.24.050 the Department, rather than the worker, undertakes to prosecute the action. The Department would not normally have the authority to have a personal representative appointed. Thus, it was necessary for the Legislature to add a separate provision to RCW 51.24.050 specifically granting the Department such authority in order to ensure that the Department will not lose its opportunity for reimbursement simply because an injured worker dies. No such provision is necessary in the context of RCW 51.24.030 and .060 because there is no question that a personal representative may be appointed where the injured worker has elected to proceed. *See* RCW 4.20.046.

The Department's position is also more consistent with the general legislative purpose behind the third party chapter. The legislative history of RCW 51.24 suggests that

it was enacted with the intent of shifting the cost of worker claims from industrial insurance funds to responsible third parties, while at the same time allowing injured workers to obtain a more complete recompense for their damages. *See, e.g., In re Estate of Boettcher,* 35 Wn. App. 178, 181, 665 P.2d 1378 (1983); *accord, Courtright v. Sahlberg Equip., Inc.,* 88 Wn.2d 541, 543, 563 P.2d 1257 (1977) (construing former RCW 51.24.010). By creating an incentive for private action, the third party chapter seeks to promote the replenishment of industrial insurance funds. This purpose is not lessened by the fact that a worker's injury may be fatal.

Mrs. Bankhead does not offer any direct authority in support of her position that RCW 51.24 only applies when a worker is injured and not when a worker dies. The gist of her argument appears to be that because RCW 51.24 does not expressly refer to actions brought by a "personal representative", it can only apply to actions brought by living workers and their beneficiaries. Mrs. Bankhead cites by means of comparison *Swanson v. Champion Int'l Corp.,* 197 Mont. 509, 516, 646 P.2d 1166 (1982), in which the Montana Supreme Court held that survival actions against third party tortfeasors were clearly subject to workers' compensation liens under the Montana statute "[s]ince the subrogation clause of the Workers' Compensation Act refers to the personal representative". *See* Mont. Code Ann. §§ 39–71–414, 27–1–501. Yet, nowhere did *Swanson* hold that recovery in a survival action would *not* be subject to such liens if the statute did not expressly include the words "personal representative". Indeed, the rationale applied by the *Swanson* court is equally applicable here. *Swanson* reasoned that the damages in a survival action belong to the decedent's estate, and not to the personal representative. Hence, these damages are subject to the claims of the decedent's creditors, including those claims of the industrial insurer who effectively acts as a "super creditor". *Swanson,* at 515–16. The fact that the Washington State Legislature has not specifically included reference to "personal repre-

sentative" within RCW 51.24.030 or RCW 51.24.060 is of no consequence. A survival action in Washington is brought by the personal representative solely on behalf of the decedent and for the sole benefit of his or her estate. RCW 4.20.046; *Criscuola v. Andrews,* 82 Wn.2d 68, 69, 507 P.2d 149 (1973); *Wagner v. Flightcraft, Inc.,* 31 Wn. App. 558, 567, 643 P.2d 906 (1982). Therefore, a survival action brought by a deceased worker's personal representative is identical to an action brought by the "injured worker" and properly subject to the distribution requirements of RCW 51.24.060.

Mrs. Bankhead also argues that because she is not a "beneficiary" under the Act her recovery is not subject to its distribution requirements. To this effect, she cites *Maryland Cas. Co. v. Rowe,* 256 Ark. 221, 506 S.W.2d 569 (1974), and *Buzynski v. County of Knox,* 159 Me. 52, 188 A.2d 270 (1963). In *Maryland,* the parents of a deceased minor brought a wrongful death action against a third party tortfeasor, seeking recovery for mental anguish and loss of their son's probable future contributions and earnings. The unemployment compensation carrier intervened, claiming a lien on any recovery for medical expenses and funeral costs incurred. In disallowing the lien, the Arkansas Supreme Court held that under state law the carrier was allowed reimbursement only from those actions brought by compensation beneficiaries and not from suits such as this brought by the worker's parents in their own capacity. *Maryland,* at 224. In *Buzynski,* at page 59, the Supreme Judicial Court of Maine similarly noted that persons not beneficiaries under Maine's Workmen's Compensation Act who make settlement with a third party tortfeasor in a wrongful death action were not subject to a subrogation lien on behalf of the insurer.

These cases are inapplicable. The wrongful death plaintiffs in both *Maryland* and *Buzynski* were entitled to and received recovery in their own right. In contrast, Mrs. Bankhead, as a survival plaintiff, has never received, and is not entitled to, any recovery in her own capacity. Because Mrs. Bankhead did not recover personally from the settle-

ment, it is irrelevant whether or not she is a compensation beneficiary. The Department is not claiming a lien against the recovery of any "beneficiary"; rather, it is claiming a lien against the recovery of an "injured worker", *i.e.,* Mr. Bankhead's estate.

Both *Maryland* and *Buzynski* involved claims for wrongful death. The present action, as stipulated by the parties, is a survival action. In a wrongful death action, recovery is for the benefit of the decedent's heirs and certain specified kin; in a survival action, by contrast, all recovery belongs to the decedent's estate. *Warner v. McCaughan,* 77 Wn.2d 178, 179, 460 P.2d 272 (1969); *compare* RCW 4.20.020 *with* RCW 4.20.046. The survival statute does not create a separate claim for survivors, but merely preserves the causes of action that a person could have maintained had he not died. *Wooldridge v. Woolett,* 96 Wn.2d 659, 662–63, 638 P.2d 566 (1981). The recovery in a survival action can be no more than the decedent would properly have been entitled to had he survived. *Wagner,* at 567–68 & n.2. Because this case does not involve an action for wrongful death, *Maryland* and *Buzynski* do not apply. Indeed, it is questionable whether Mrs. Bankhead would even have been entitled to bring a wrongful death action. In Washington, a parent may only recover in a wrongful death action for the death of a minor child or a child on whom the parent is dependent for support. RCW 4.20.020, 4.24.010. Mrs. Bankhead does not allege either of those requisite facts. Moreover, even if Mrs. Bankhead fell within the statutory criteria for wrongful death recovery, she would still be precluded under the Act's exclusive remedy provisions from bringing action except as provided by RCW 51.24.030, and therefore would remain subject to the distribution requirements of RCW 51.24.060.

Mrs. Bankhead quotes language from *Buzynski* which actually supports the holding we reach. *Buzynski* states, at page 56:

> It is a plain purpose of the Act that the party paying compensation or supplying benefits or whose liability

therefor becomes fixed succeeds to the rights of the injured employee. The injured employee (as defined in the Act) is not entitled to both compensation from his employer and damages in tort. The third party does not escape his just liability in damages, nor does the injured employee obtain double compensation. Such is the purpose and intent of the Act.

*Buzynski* thus stresses the policy rationale that an injured worker not receive double recovery from the industrial insurance carrier and a third party.

The final case on which Mrs. Bankhead relies, *In re Estate of Boettcher,* 35 Wn. App. 178, 665 P.2d 1378 (1983), is likewise consistent with a policy of preventing double recovery and replenishing industrial insurance funds. *Boettcher* holds that settlements entered into between a beneficiary and a third party must be approved by the Department in writing where, under the settlement provisions, one of the beneficiaries is to receive less than the amount of his or her entitlement. *Boettcher* states, at page 181:

> It is apparent from this statutory scheme that the Legislature intended DLI [Department of Labor and Industries] to aggressively collect any benefits paid to the beneficiary. *See* House Journal, 45th Legislature (1977), at 1465. To this end, the right to reimbursement for benefits paid is protected in the settlement context by requiring written approval if the settlement results in the beneficiary receiving less than his or her entitlement.

*See also Whalen v. Department of Labor & Indus.,* 35 Wn. App. 283, 665 P.2d 1389 (1983); *Courtright v. Sahlberg Equip., Inc.,* 88 Wn.2d 541, 563 P.2d 1257 (1977); *Rhoad v. McLean Trucking Co.,* 102 Wn.2d 422, 686 P.2d 483 (1984); *Rhodes v. Department of Labor & Indus.,* 103 Wn.2d 895, 700 P.2d 729 (1985) (cases variously rejecting a claimant's contention that the Department's right to reimbursement was limited). Mrs. Bankhead's position would defeat the legislative intent behind the third party chapter and thwart the Act's exclusive remedy provisions.

In sum, Mrs. Bankhead's authority to bring a survival

action on behalf of her son's estate was derived solely from the third party chapter provision, RCW 51.24.030. Therefore, her recovery is subject to distribution in accordance with RCW 51.24.060, and the Department is entitled to a lien on the recovery in order to secure payment of its share. RCW 51.24.060(2).

We reverse the trial court's denial of the Department's motion. We hold that the Department is entitled to a statutory lien of $23,917.70 on the settlement received by Rose Bankhead as personal representative for Daniel Bankhead in her action against Aztec Construction Company.

CONOLEY and HOWARD, JJ. Pro Tem., concur.