[No. 11458-9-III.   Division Three.   April 16, 1992.]

RICHARD R. FLANIGAN, *Respondent*, v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Appellant*.

*Kenneth O. Eikenberry, Attorney General,* and *Beverly N. Goetz, Assistant,* for appellant.

*Carol L. Eng, Mary M. Palmer,* and *Paine, Hamblen, Coffin, Brooke & Miller,* for respondent.

SHIELDS, C.J. — The trial court reversed a decision of the Board of Industrial Insurance Appeals which required Janice Flanigan to reimburse the industrial insurance fund for surviving spouse's benefits paid her after she was awarded recovery for her husband's death in a third party action. The court held her separate award for loss of consortium was not subject to a right of reimbursement. The Department of Labor and Industries appeals, contending it is. We affirm.

Richard R. Flanigan was fatally injured on December 28, 1981, while engaged in employment covered by the Washington State Industrial Insurance Act. His widow beneficiary, Ms. Flanigan, began receiving survivor's benefits under the provisions of the act. Ms. Flanigan filed suit both individually and as personal representative of the estate of Richard Flanigan against the third party tortfeasor. She prevailed and was awarded $189,000 individually for loss of comfort, love and affection, care, companionship, society and consortium. The estate of Mr. Flanigan was awarded $94,468.50.

On January 13, 1989, the Department issued an order declaring a statutory lien against the entire third party recovery for the sum of $82,522.89; demand was made upon Ms. Flanigan to reimburse the Department in the amount of $39,735.40; it was further ordered that no benefits or compensation would be paid until the excess recovery of $70,717.37 had been offset.[1] The Board of Industrial Insur-

---

[1] Distribution was ordered on the following calculations: From the gross recovery of $283,468.50, attorney fees and costs of $79,148.15 ($42,787.49 for the Department, $36,360.66 for Flanigan) were deducted, yielding a net recovery of $204,320.35. From that sum, the Department subtracted Flanigan's

ance Appeals affirmed the order of the Department and denied Ms. Flanigan's petition for further review. The Superior Court reversed; this appeal followed.

The issue is whether the Department has a right of reimbursement, under RCW 51.24.060, against that part of the judgment against a third party tortfeasor awarded to the surviving spouse personally on her individual claim for loss of consortium.[2] We hold it does not.

■ We review the Department's interpretation of the workers' compensation act (Industrial Insurance Act) under the "error of law" standard. Former RCW 34.04.130(6)(d). Under this standard, review is de novo and this court may substitute its judgment for that of the Department, although substantial weight is accorded an agency's interpretation of the law. *See Haley v. Medical Disciplinary Bd.*, 117 Wn.2d 720, 728, 818 P.2d 1062 (1991); *Department of Labor & Indus. v. Cobb*, 59 Wn. App. 360, 362, 797 P.2d 536 (1990), *review denied*, 116 Wn.2d 1031 (1991).

The exclusive remedy provisions of the workers' compensation act bar all injury-related tort claims by the worker or his family *against the employer,* including loss of consortium claims by the injured worker's spouse. RCW 51.04.010; 51.32.010; *Provost v. Puget Sound Power & Light Co.*, 103 Wn.2d 750, 753-55, 696 P.2d 1238 (1985).

The Department contends because Ms. Flanigan's claim for loss of consortium could only be asserted under RCW 51.24.030, it is therefore subject to all provisions of the act.

---

statutory 25 percent share, $51,080.09, and $82,522.89 for benefits paid, yielding $70,717.37 as excess subject to offset. The $39,735.40 represents the Department's net share of recovery ($82,522.89 in benefits paid less its share of attorney fees and costs, $42,787.49).

[2]The parties and the Superior Court use "right of subrogation" interchangeably with "right of reimbursement" and speak of economic versus noneconomic damages. We consider in this appeal only the Department's right of reimbursement to damages awarded to an injured worker's spouse in a third party suit for loss of consortium.

It argues the claim may be separate and independent from the claims of her husband's estate, but because there would be no injury to her rights without injury to her husband, she is dependent upon the permissive provision of RCW 51.24.030 to assert any civil claim arising out of her husband's death. This interpretation, however, ignores both the language and the purpose of the act, and misconstrues established case law.

■ ■ RCW 51.24.030 provides:

> (1) If a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury *for which benefits and compensation are provided under this title*, the injured worker or beneficiary may elect to seek damages from the third person.
>
> . . . .
>
> (3) For the purposes of this chapter, "injury" shall include any physical or mental condition, disease, ailment or loss, including death, *for which compensation and benefits are paid or payable under this title*.

(Italics ours.) The statute clearly authorizes Ms. Flanigan's suit in her capacity as the personal representative of Mr. Flanigan's estate because compensation for the loss is provided under the act. This fits the purpose of the act, which is based on a quid pro quo compromise between employees and employers: each sacrifices something to gain something else. The employer's liability is limited and loss of consortium claims are excluded, but it must pay some claims for which it would not otherwise have been liable; the employee receives sure and certain relief, but must give up available common law actions. *McCarthy v. Department of Social & Health Servs.*, 110 Wn.2d 812, 816-17, 759 P.2d 351 (1988). That compromise does not limit recovery against a third party for loss of consortium by the injured worker's spouse, for which the act does not provide compensation.

The Department cites *Bankhead v. Aztec Constr. Co.*, 48 Wn. App. 102, 737 P.2d 1291 (1987) for the proposition all causes of action arising from any workplace injury are preempted; thus, Ms. Flanigan had no separate remedy for her own injury and could only proceed under RCW 51.24-.030. The Department's reliance is misplaced. In that case, Mrs. Bankhead stepped in as personal representative for continuation of the third party suit after her son, the injured worker, died. "[T]he estate settled the lawsuit for $75,000. *Mrs. Bankhead received no damages personally.*" (Italics ours.) *Bankhead*, at 103. *Bankhead* does not address the facts of the present case.

Ms. Flanigan's loss of consortium claim against the third party tortfeasor is separate and individual to her.

> The invasion of the deprived spouse's interests in the marriage is a separate tort against that spouse, although it is conditioned upon factors that also constitute a tort against the impaired spouse.

Restatement (Second) of Torts § 693, comment *g* (1977). *Lund v. Caple*, 100 Wn.2d 739, 675 P.2d 226 (1984) held a cause of action for loss of consortium can be maintained by the deprived spouse without joinder of the injured spouse's underlying tort claims. Also relying on Restatement (Second) of Torts § 693, the court stated at page 744:

> Loss of consortium relates to the " 'loss of love, affection, care, services, companionship, society and consortium . . .' ". [*Lundgren v. Whitney's Inc.*, 94 Wn.2d 91, 94, 614 P.2d 1272 (1980).] As such, the alleged injuries relate solely to the "deprived" spouse and are distinguishable from the cause of action of the "impaired" spouse. The better rule is that a "deprived" spouse may sue for loss of consortium damages by either joining in a lawsuit with the spouse who sustained primary injuries or by bringing an independent suit.

Quoting this passage, we concluded in *Christie v. Maxwell*, 40 Wn. App. 40, 44, 696 P.2d 1256, *review denied*, 104 Wn.2d

1002 (1985), "the Supreme Court has characterized the action as separate and independent rather than derivative." Our conclusion was based upon recognition of the special nature of consortium claims:

> Under the law in this state [the wife] is an individual with separate legal rights which arise independent of . . . the existence of the marital relationship.

*Christie*, at 47-48. In *Reichelt v. Johns-Manville Corp.*, 107 Wn.2d 761, 776, 733 P.2d 530 (1987), the Supreme Court reaffirmed *Lund* and *Christie*.

As a matter of law, Ms. Flanigan's claim for loss of consortium was not brought under, and is not dependent upon, RCW 51.24.030; it could, but did not need to, be joined with her deceased spouse's claim.

RCW 51.24.060(1) provides: "If the . . . beneficiary elects to seek damages from the third person, any recovery made shall be distributed as follows: . . .". Because Ms. Flanigan did not seek loss of consortium damages under the RCW 51.24.030 election, the RCW 51.24.060 distribution scheme does not apply to those damages.[3]

The judgment of the Superior Court is affirmed.

MUNSON and THOMPSON, JJ., concur.

Review granted at 119 Wn.2d 1017 (1992).

---

[3]The Department will have to recompute the parties' proportionate shares of attorney fees and costs. Only those attributable to the claim of Mr. Flanigan's estate are to be considered.