[No. 28139-9-I.   Division One.   April 20, 1992.]

MIRIAM DOWNEY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Richard J. Hilfer* and *Castle, Schnautz, Hilfer & Leemon, P.S.*, for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Beverly N. Goetz, Assistant,* for respondent.

FORREST, J. — Miriam Downey appeals the Superior Court's grant of summary judgment affirming a Board of Industrial Insurance Appeals ruling that the Department of Labor and Industries (hereinafter Department) has a right to reimbursement against her loss of consortium recovery, thus offsetting her surviving spouse pension benefits. We affirm.

The parties have stipulated to all relevant facts. Miriam Downey's husband contracted asbestosis through his employment and thereby received workers' compensation benefits pursuant to RCW Title 51. Both husband and wife then sued

several third parties pursuant to RCW 51.24.030, which allows an injured worker or beneficiary to seek damages from third parties other than the employer. The Downeys settled their claims, and of the recovery 80 percent was allotted to Mr. Downey for personal injury damages and 20 percent was allotted to Mrs. Downey for loss of consortium.[1]

RCW 51.24.060 provides that the Department has a right to reimbursement for benefits paid by the Department against any amount recovered from third parties. At the time of the Downeys' recovery the Department asserted a right to reimbursement as to Mr. Downey's portion of the recovery, but asserted no such right against Mrs. Downey's portion of the recovery. Thereafter, Mr. Downey passed away, and Mrs. Downey applied for pension benefits from the Department. Mrs. Downey was awarded a pension, but the Department asserted a right to reimbursement as to Mrs. Downey's portion of the previous third party recovery to offset her pension benefits.[2]

Mrs. Downey appealed the Department order to the Board of Industrial Insurance Appeals. The Board issued a decision in favor of the Department on May 31, 1989. Mrs. Downey then timely filed a notice of appeal to the Superior Court. Both parties stipulated to the facts, and on cross motions for summary judgment the Superior Court granted summary judgment in favor of the Department. Mrs. Downey (hereinafter Downey) now appeals to this court.

Downey contends that she was not a "beneficiary" at the time of her recovery for loss of consortium and thus the Department has no right to reimbursement. We disagree. Downey construes "beneficiary" too narrowly, and her interpretation of the statute is inconsistent with the statutory framework as well as this court's decision in *Bankhead v. Aztec Constr. Co.*[3]

---

[1] These proportions are pursuant to Department policy in asbestosis cases.

[2] Both parties agree that if a right to reimbursement exists the Department's share of Mrs. Downey's recovery is $11,369.57.

[3] 48 Wn. App. 102, 737 P.2d 1291 (1987).

■ Downey construes beneficiary as meaning a person currently receiving benefits from the Department. Not surprisingly Downey does not refer to the statutory definition of beneficiary; it is inconsistent with her position. Beneficiary is defined by the Industrial Insurance Act as "a husband, wife, child, or dependent of a worker in whom *shall vest* a right to receive payment under this title . . .". (Italics ours.) RCW 51.08.020, in part. First, the statute uses the word "shall", implying futurity rather than a contemporaneous right to benefits. Second, Downey's construction is inconsistent with general legal usage. One can have a vested right to future benefits. Indeed, persons named to receive benefits under a will, insurance policy, trust or contract are routinely characterized as beneficiaries whether they are currently receiving benefits or not. Although not currently receiving benefits, Downey was clearly a contingent beneficiary of her husband's pension at the time of receipt of the consortium settlement. Accordingly, we hold that in order to be a "beneficiary" under RCW 51.24.060 one need not be receiving benefits at the time of the third party recovery.

■ Downey asserts that because loss of consortium is a separate action based on her own injuries, she is not a beneficiary. It is certainly true that courts have held that loss of consortium is an action separate from the worker's claim.[4] However, this fact does not establish that recovery is not subject to the right of reimbursement. Indeed, Downey concedes that a consortium claim paid to her *after* her husband's death, when she was receiving pension benefits, was properly subject to reimbursement. A worker or beneficiary's third party claim may include many elements of damages not specifically compensated by workers' compensation

---

[4] *See Reichelt v. Johns-Manville Corp.*, 107 Wn.2d 761, 776, 733 P.2d 530 (1987) (holding that for purposes of the statute of limitations the action does not necessarily accrue at the same time as the precipitating injury); *Lund v. Caple*, 100 Wn.2d 739, 744, 675 P.2d 226 (1984) (holding that the injured spouse need not be joined in the action); *Christie v. Maxwell*, 40 Wn. App. 40, 47-48, 696 P.2d 1256 (holding that recovery for loss of consortium is not reduced by the injured spouse's comparative negligence), *review denied*, 104 Wn.2d 1002 (1985).

benefits,[5] but they are all subject to reimbursement. It is not the nature of the claimed damages but the status of the recipient that governs reimbursement.

The preemption of civil actions by the Industrial Insurance Act, RCW 51.04.010, is sweeping and comprehensive.[6] Downey's cause of action for loss of consortium exists only by reason of the exception provided in RCW 51.24.030:

> (1) If a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, *the injured worker or beneficiary* may elect to seek damages from the third person.

(Italics ours.) Since Downey is plainly not a worker, she must have been a "beneficiary" or she was not authorized

---

[5]*See Clark v. Pacificorp*, 118 Wn.2d 167, 186 n.9, 822 P.2d 162 (1991) ("The goal of the Industrial Insurance Act is to provide 'sure and certain relief' to injured workers and their families, *not* to award full tort damages.").

[6]RCW 51.04.010 states, in part:
"The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, *and their families and dependents* is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end *all civil actions and civil causes of action for such personal injuries* and all jurisdiction of the courts of the state over such causes *are hereby abolished, except as in this title provided.*" (Italics ours.)

*See also West v. Zeibell*, 87 Wn.2d 198, 201, 550 P.2d 522 (1976), where the parents' wrongful death action against the employer was deemed barred. The Supreme Court stated:

"Our statute is of the broadest, most encompassing nature and the intent of the legislature to bar an action such as that brought by plaintiffs is clear. RCW 51.04.010 generally states that the relief provided 'for workmen injured in their work, and their families and dependents' operates to exclude 'every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions . . . are hereby abolished'. RCW 51.32.010 strengthens our decision that the plaintiffs' action is barred. It provides in very broad and sweeping language that the compensation received by a 'workman injured in the course of his employment, or his family or dependents . . . shall be *in lieu of any and all rights of action whatsoever against any person whomsoever*'. . . . The language used in RCW 51.04.010 and RCW 51.32.010 is most closely akin to that used in the broadest of the exclusive remedy provisions. Cases construing statutes falling within all but the narrowest of categories have with near unanimity barred actions by third parties arising out of the injury or death of workmen covered by such legislation."

under RCW 51.24.030 to maintain an action for consortium against a third party. Thus, Downey's argument proves too much.

This view was adopted by this court in *Bankhead v. Aztec Constr. Co.,*[7] in which the injured worker's mother sued a third party under RCW 51.24.030 as the estate's personal representative. Bankhead argued that as personal representative she was neither an injured worker nor a beneficiary and thus the Department could assert no right to reimbursement under RCW 51.24.060. This court, holding that she was acting as an injured worker, stated, "if she were neither an 'injured worker or beneficiary', then she would never have been entitled to bring a third party action under RCW 51.24.030; she would have no action at law whatsoever for her son's workplace injuries." *Bankhead,* at 106-07.

This view is further supported by the striking similarity between the language of RCW 51.24.030(1) and RCW 51.24-.060(1). RCW 51.24.030(1) authorizes third party suits, stating, "the injured worker or beneficiary may elect to seek damages from the third person." RCW 51.24.060(1) governs distribution of the award of settlement and states, "[i]f the injured worker or beneficiary elects to seek damages from the third person, *any* recovery made shall be distributed as follows:". (Italics ours.) We find this to be persuasive evidence that all those authorized to bring third party actions are also subject to a duty of reimbursement. Such duty only matures when and to the extent benefits are paid.

RCW 51.24.060(1)(c) provides that the Department "shall be paid the balance of the recovery made, but *only to the extent necessary to reimburse the department . . . for compensation and benefits paid*". (Italics ours.) The Department, having paid nothing to Downey at the time of recovery, possessed a right to reimbursement but that right lay dormant. The Department's right to reimbursement is activated only when and to the extent departmental benefits are received: in this case when Downey began receiving pension benefits after her husband's death. Therefore, Downey's

---

[7] 48 Wn. App. 102, 737 P.2d 1291 (1987).

argument that the Department's position is inconsistent because of its failure to assert a right to reimbursement as to her portion of the recovery before her husband's death is without merit.

The authorization for suits against third parties contained in RCW 51.24.030 effectuates two principal policies: (1) it allows, and indeed encourages, workers and their families to seek full compensation from responsible third parties for injuries the worker may suffer in the course of his employment, while (2) immediately providing the worker the direct benefits of the act subject to reimbursement to protect the compensation fund. Previous Washington cases favor a strong policy of protecting the compensation fund through reimbursement.[8] We find no reason to deviate in regard to Downey's consortium claim.

Downey urges this court to follow an Illinois court which held under the Illinois statute that an employer could not receive credit for a widow's recovery from a third party for loss of consortium because the action was brought in her own behalf.[9] This case is inapposite in that the Illinois statute only allows such credit for judgments and settlements paid to "the disabled employee or his personal representative". *Owens Corning Fiberglas Corp. v. Industrial Comm'n*, 198 Ill. App. 3d 605, 617-18, 555 N.E.2d 1233, 1240-41 (1990) (quoting Ill. Rev. Stat. ch. 48, ¶ 172.40(b) (1983)). Our stat-

---

[8] *See Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 547, 789 P.2d 75 (1990) (holding that the worker has no property interest in the amount of third party recovery that is to be reimbursed, states: "The entire scheme of RCW 51.24 evidences the vital interest of the Department in a recovery from a responsible third party"); *Bankhead*, 48 Wn. App. at 107-08 (stating, "The legislative history of RCW 51.24 suggests that it was enacted with the intent of shifting the cost of worker claims from industrial insurance funds to responsible third parties, while at the same time allowing injured workers to obtain a more complete recompense for their damages"); *In re Boettcher*, 35 Wn. App. 178, 181, 665 P.2d 1378 (1983) (holding that a settlement with a third party which pays the beneficiary less than the workers' compensation benefits requires written approval by the Department, states: "It is apparent from this statutory scheme that the Legislature intended DLI to aggressively collect any benefits paid to the beneficiary.").

[9] *Owens Corning Fiberglas Corp. v. Industrial Comm'n*, 198 Ill. App. 3d 605, 617-18, 555 N.E.2d 1233, 1240-41 (1990).

ute, on the other hand, allows for reimbursement for damages recovered by the injured worker *or any beneficiaries.*[10] This is an obvious and material difference.

In conclusion, under the terms of Washington's statute, Downey was a beneficiary at the time of her recovery for loss of consortium. Thus, when she began receiving pension benefits the Department's right to reimbursement was activated and the Department's order requesting such reimbursement was correct.

Affirmed.

WEBSTER, A.C.J., and COLEMAN, J., concur.

Review granted at 119 Wn.2d 1018 (1992).