[No. 30766-5-I.    Division One.    January 18, 1994.]

MARVIN MILLS, *Appellant,* v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent.*

*Corrie Yackulic, James D. Hailey,* and *Schroeter, Gold-
mark & Bender P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Jeffrey E.
Boyer, Assistant,* for respondent.

AGID, J. — Marvin Mills appeals the trial court's summary judgment affirming the Department of Labor and Industries' (the Department) right to assert a lien against Mrs. Mills' recovery from third party tortfeasors for loss of consortium. We affirm.

The parties do not dispute the facts. Marvin Mills contracted lung disease as a result of occupational exposure. In 1983, Mr. Mills filed a claim for workers' compensation benefits. The Department allowed the claim and began paying benefits. In 1986, the Mills filed a civil action pursuant to RCW 51.24.030 against several third parties, including the manufacturers and distributors of the automobile refinishing products to which he was exposed. In addition to Mr. Mills' claimed damages, the complaint sought damages for Mrs. Mills' loss of consortium. The parties settled the third party action for a lump sum of $145,000, but they did not allocate any portion of the settlement for Mrs. Mills' loss of consortium claim.

After the settlement, the Department asserted a lien of $68,632 against the Mills' entire recovery. The Mills appealed the Department's order to the Board of Industrial Insurance Appeals (the Board), arguing that Mrs. Mills' loss of consortium recovery was not subject to the Department's right of reimbursement. The Board determined that the Department could not assert its lien against any portion of a third party recovery awarded specifically to a worker's spouse for loss of consortium until the spouse began receiving benefits under the Industrial Insurance Act (the Act). However, because the settlement documents did not allocate a portion of the lump sum recovery for Mrs. Mills' loss of consortium, the Board concluded that the entire award was subject to the Department's lien. The trial court affirmed the Board's ruling on summary judgment. This appeal followed.

■ This court reviews the Board's findings of fact and conclusions of law de novo. *Department of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 308, 849 P.2d 1209 (1993). Sum-

mary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). When, as here, the parties do not dispute the facts and the only issue is a question of law, the standard of review is de novo. *Fankhauser*, 121 Wn.2d at 308.

The Department first contends that RCW 51.24.060 gives it a right of reimbursement against Mrs. Mills' loss of consortium recovery. However, we do not reach this issue because we agree with the Board that the parties' failure to allocate a portion of the lump sum recovery to Mrs. Mills' loss of consortium claim in the settlement documents subjects the entire award to the Department's lien.[1]

Mrs. Mills contends that the Department should designate a portion of the third party recovery as compensation for her loss of consortium. The Department strongly objects to having a role in allocating third party settlements, primarily because it believes its involvement would inappropriately enmesh the Department in the tort system and that its evaluation of such awards would be too costly. For the reasons explained below, we reject Mrs. Mills' contention.

First, the parties to the settlement have the ability to control the outcome simply by allocating a certain amount or percentage of the settlement to the spousal loss of consor-

---

[1] In a motion to continue oral argument, the Mills argue that the outcome of the case depends on the Supreme Court's resolution of the conflict between Divisions One and Three of this court reflected in *Downey v. Department of Labor & Indus.*, 65 Wn. App. 200, 827 P.2d 1101, *review granted*, 119 Wn.2d 1018 (1992), and *Flanigan v. Department of Labor & Indus.*, 65 Wn. App. 119, 827 P.2d 1082, *review granted*, 119 Wn.2d 1017 (1992). Under either the Division One or Division Three theory, Mrs. Mills' recovery is not subject to the Department's right of reimbursement until she begins receiving benefits upon her husband's death. *Downey*, 65 Wn. App. at 205; *Flanigan*, 65 Wn. App. at 123. If both *Downey* and *Flanigan* were reversed, the Department would have an immediate right to reimbursement against the Mills' entire recovery. However, because we decide this case on other grounds, *i.e.*, the parties' failure to segregate the Mills' recovery at settlement, neither *Downey* nor *Flanigan* impacts the outcome of this case. Therefore, the Mills' motion to continue is denied.

tium claim. We see no reason to require the Department to do something over which the parties had complete control.[2] Second, the Department's primary responsibility is to administer a social insurance system and to minimize the cost to the industrial insurance fund of doing so. *See Downey v. Department of Labor & Indus.*, 65 Wn. App. 200, 206, 827 P.2d 1101, *review granted*, 119 Wn.2d 1018 (1992). Thus, the Legislature intended that the Department take an active role in third party suits to the extent necessary to reimburse the fund for benefits paid to beneficiaries. *In re Estate of Kinsman*, 44 Wn. App. 174, 178-79, 721 P.2d 981 (1986); *In re Estate of Boettcher*, 35 Wn. App. 178, 180-81, 665 P.2d 1378 (1983). If we ordered the Department to allocate recoveries, however, we would be creating another bureaucratic responsibility which would hinder rather than foster the Department's goal of minimizing the costs to the fund. Further, even if we believed it sound policy to mandate that the Department allocate recoveries in these types of cases, the worker may not agree with the Department's allocation. Thus, if we require the Department to allocate a certain amount or percentage to a spousal claim, it may well lead to additional litigation on an issue for which the Department has no responsibility in the first place. The cost of defending its administrative decisions concerning allocation would increase, not decrease, the cost to the fund.[3]

Finally, Mrs. Mills asks this court to require the Department to allocate settlements for the benefit of nonbenefi-

---

[2] Of course, if the allocation is such that the beneficiary settles the claim for less than his or her entitlement under the Act, the beneficiary would be required to obtain the Department's approval. RCW 51.24.090.

[3] The third party statute authorizes the Department to pursue third party actions under narrow circumstances, *see* RCW 51.24.050(1), and approve settlements where the worker settles the claim for less than the amount of benefits he or she is entitled to under the Act. *See* RCW 51.24.090. However, the collection provisions of the third party statute were intended to give the Department the means necessary to aggressively collect benefits paid under the Act. *Boettcher*, 35 Wn. App. at 181. Thus, charging the Department with ensuring that nonbeneficiary spouses are compensated for loss of consortium would do nothing to further the underlying goal of the collection provisions.

ciaries, *i.e.*, spouses who are not yet receiving benefits under the Act. This would not serve the legislative purpose of recouping benefits paid out of the state fund.

Mrs. Mills contends that, because the Department allocates 20 percent to spousal loss of consortium in asbestosis cases, it could also make an allocation in other types of cases. The Department's practice of making allocations in asbestosis cases arose out of an agreement with the claimants' bar. The agreement provides that the Department will not assert its right of reimbursement unless and until the worker dies. The Department then offsets the spouse's death benefits by the amount he or she received for loss of consortium. The agreement was limited to claimants suffering from asbestosis because in those cases the worker's death is often imminent. Because the Department's agreement to allocate recoveries is narrowly confined to asbestosis cases, we cannot infer that it has the staff or expertise to apportion loss of consortium recoveries in other types of cases where the worker's death is not necessarily imminent.

In light of the legislative purpose of protecting the state fund, we conclude that neither the third party statute nor the policies underlying it compel the Department to allocate a portion of a third party settlement for loss of spousal consortium when the parties fail to do so themselves. The judgment of the Board is affirmed.

WEBSTER, C.J., and GROSSE, J., concur.

Review denied at 124 Wn.2d 1008 (1994).