[No. 32019-3-II.  Division Two.  July 7, 2005.]

HI-WAY FUEL COMPANY, *Respondent*, v. ESTATE OF JOSEPH S. ALLYN, *Appellant*.

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*, v. ESTATE OF JOSEPH S. ALLYN, *Appellant*.

352

*Ben Shafton*, for appellant.

*Robert M. McKenna, Attorney General,* and *William J. Blitz* and *Anastasia R. Sandstrom, Assistants*; and *Roger H. Vanhoy*, for respondents.

¶1 BRIDGEWATER, J.— We are asked to determine when litigation costs must be presented to the Department of Labor and Industries (Department) concerning successful litigation against a third-party tortfeasor. We are also asked to determine whether damages for loss of consortium should be deducted from a partial recovery proportionate to the jury award.

¶2 We hold that litigation costs may be raised for the first time before the Board of Industrial Insurance Appeals (Board). Additionally we hold that, because loss of consortium is expressly excluded from the definition of "recovery" under RCW 51.24.030(5) and is not compensated by the Department, the superior court was correct in deducting loss of consortium damages "off the top" of the partial recovery for RCW 51.24.060 purposes. We affirm in part, reverse in part, and remand for orders consistent with our opinion. We also grant reasonable attorney fees to Allyn both in superior court and in the appellate court.

¶3 This case involves both an appeal by the estate of Joseph S. Allyn and a cross-appeal by the Department from the superior court's ruling affirming a Board decision.[1]

¶4 Joseph S. Allyn was fatally injured in a motor vehicle collision on January 22, 1999, during the course of his employment with Hi-Way Fuel Company (Hi-Way). His widow, Jill D. Allyn (Allyn), and posthumous son began receiving survivor benefits under the Washington State Industrial Insurance Act, Title 51 RCW.

¶5 Allyn filed suit against the third-party tortfeasor, Steven Asher, for negligently causing her husband's death, and the matter was tried to a jury in November 2001. Allyn prevailed and was awarded $800,000 in economic damages and $200,000 for loss of consortium.[2] She obtained

---

[1] This case arises from two Skamania County cases cause numbers 03-2-00098-3 and 03-2-00099-1. We are treating this matter as one case and therefore we issue one opinion.

[2] These damages are labeled "Non-Economic" damages in the special verdict. 2 Clerk's Papers at 89.

$466,736.13 of the judgment from Asher's insurance company. Allyn then notified the Department of her recovery.[3]

¶6 On February 13, 2002, the Department issued an order determining Allyn's gross recovery for RCW 51.24.060 purposes. At the time of the order, the Department had paid Allyn $113,658.85 in benefits. In computing the distribution of Allyn's partial recovery under RCW 51.24.060, the Department proportionally deducted 20 percent of the $466,736.13 for loss of consortium damages, leaving a gross recovery of $373,388.91. The Department then determined that Allyn's litigation costs were $76,252.57, and it deducted those costs and her attorney fees of $124,462.97 from the gross recovery. Allyn ultimately received $120,112.33, her attorney received $200,715.54, and the Department received $52,561.04.

¶7 The Department's calculations under RCW 51.24.030(5) and .060 were as follows:

| | |
|---|---|
| Partial Recovery: | $466,736.13 |
| Minus 20% loss of consortium damages: | - 93,347.22 |
| Gross recovery amount: | $373,388.91 |
| Minus attorney fees & litigation costs ($124,462.97) + ($76.252.57) total: | - 200,715.54 |

See Administrative Record (AR) Ex. 4.

¶8 In arriving at the litigation cost computation, the Department relied on a January 14, 2001 letter from Allyn's attorney delineating the costs as $76,818.90, but deducted costs for internal copying and postage.

¶9 Allyn appealed the Department's order to the Board, asserting that the Department had incorrectly determined both her gross recovery and litigation costs under RCW 51.24.060. At the hearing, Allyn introduced a cost bill showing her litigation costs as $83,181.08, and she argued

---

[3] The Department has a right of reimbursement for benefits paid where the injured worker or beneficiary receives damages from a third person for his or her injury. RCW 51.24.060(1)(c). RCW 51.24.060 governs the distribution of any recovery made from a third party. Under RCW 51.24.030(5), "recovery" includes all damages except loss of consortium.

that the Department should have used this sum in determining its reimbursement under RCW 51.24.060.

¶10 The industrial appeals judge (IAJ) reversed the Department's calculation of Allyn's gross recovery, determining that the Department should have deducted the $200,000 in loss of consortium damages "off the top" of her $466,736.13 recovery because under RCW 51.24.030(5), damages for loss of consortium are not considered in the distribution of amounts received under RCW 51.24.060. The IAJ issued a proposed decision and order calculating Allyn's gross recovery as $266,736.13. In addition, the IAJ determined that the Department had properly calculated Allyn's litigation costs as $76,252.57.

¶11 The IAJ's calculations were as follows:

| Partial Recovery: | $466,736.13 |
| Minus loss of consortium damages: | - 200,000.00 |
| Gross recovery amount: | $266,736.13 |
| Minus attorney fees & litigation costs: | |
| ($124,462.97) + ($76,252.57) total: | 200,715.54 |

¶12 All parties petitioned for review to the Board. The Department and Hi-Way asserted that the Department had properly calculated Allyn's gross recovery[4] while Allyn sought review of the Department's calculation of her litigation costs. On June 19, 2003, the Board adopted the IAJ's proposed findings of fact and conclusions of law in its decision.

¶13 The Department and Hi-Way subsequently appealed the Board's decision regarding the determination of Allyn's gross recovery to the Skamania County Superior Court. In turn, Allyn cross-appealed and moved for summary judgment on both the calculation of her gross recovery and the determination of her litigation costs. Additionally, Allyn

---

[4] Both the Department and Hi-Way raised two issues before the Board: (1) that the jury had not specifically allocated a portion of Allyn's award for loss of consortium damages and (2) that the Department had properly reduced Allyn's partial recovery by 20 percent under RCW 51.24.060. On appeal, the Department raises only the latter claim.

asserted that the Department and Hi-Way lacked standing to appeal. On May 26, 2004, the superior court denied Allyn's lack of standing claims and orally affirmed the Board's decision.

¶14 Subsequent to the court's ruling, the Department indicated to Allyn that in recalculating her distribution share under RCW 51.24.060, her litigation costs might be proportionally reduced. On July 1, 2004, the parties again appeared before the superior court, and Allyn argued that the Department had waived any right to challenge the court's determination of litigation costs as $76,252.57 because it did not raise this issue before the Board. The court found that the Department had properly preserved this issue by appealing the IAJ's ultimate distribution of Allyn's partial recovery. It granted summary judgment for Allyn on the calculation of her gross recovery and remanded the matter to the Department to redistribute based on a value of $266,736.13. The judgment did not set an amount for litigation costs.

¶15 Allyn appeals the superior court's ruling on her litigation costs. The Department cross-appeals the court's determination of Allyn's gross recovery.[5]

¶16 When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. *Rushing v. ALCOA, Inc.*, 125 Wn. App. 837, 840, 105 P.3d 996 (2005). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c).

## I. Distribution of Allyn's Recovery

¶17 In its cross-appeal, the Department contends that the superior court erred as a matter of law in granting Allyn's motion for summary judgment on the issue of her

[5] Hi-Way does not cross-appeal.

gross recovery. It does not raise any factual questions. Specifically, it argues that deducting loss of consortium damages "off the top" of a partial recovery, rather than proportionate to the jury's award, is contrary to RCW 51.24.030 and .060 and that, under *Mills v. Department of Labor & Industries*, 72 Wn. App. 575, 865 P.2d 41, *review denied*, 124 Wn.2d 1008 (1994), Allyn was required to specifically allocate a portion of her $466,736.13 partial recovery for loss of consortium damages. Allyn responds that the Department failed to raise these issues before either the Board or the superior court and, consequently, has waived the right to raise them on appeal. We do not address Allyn's waiver argument because we hold that a deduction of loss of consortium damages proportionate to the jury award is contrary to law.

¶18 The Department asks this court to construe RCW 51.24.030 and .060 to determine the proper method of deducting loss of consortium damages where there has been only a partial recovery of a third-party judgment.

¶19 The primary goal of statutory construction is to carry out legislative intent. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001). First, we must attempt to derive legislative intent from the statute itself and, if the statute is clear on its face, its meaning must be ascertained from that language. *Cockle*, 142 Wn.2d at 807.

¶20 A statute is ambiguous if it can be reasonably interpreted in more than one way. *Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004). However, it is not ambiguous simply because different interpretations are conceivable. *Am. Cont'l*, 151 Wn.2d at 518. We are not to search for " 'an ambiguity by imagining a variety of alternative interpretations.' " *Am. Cont'l*, 151 Wn.2d at 518 (quoting *W. Telepage, Inc. v. City of Tacoma Dep't of Fin.*, 140 Wn.2d 599, 608, 998 P.2d 884 (2000)). An unambiguous statute is not subject to judicial construction, and we will not add language to an unambiguous statute even if we

believe the legislature intended something else but did not adequately express it. *Am. Cont'l*, 151 Wn.2d at 518.

¶21 The Department first contends that these statutes are ambiguous. It then argues that, where a worker or beneficiary recovers only a portion of a third-party judgment, deduction for loss of consortium damages should be proportional to the judgment because such a construction would further both the Department's mandatory right of reimbursement from third-party recoveries and the legislative purposes of "allowing the state fund to be replenished and preventing double recovery." Br. of Resp't/Cross-Appellant at 24.

¶22 But RCW 51.24.030 and .060 are not ambiguous, and we need not look beyond their plain meaning in resolving the Department's claim. Where a worker has been injured by a third-party tortfeasor during the course of employment, the worker or beneficiary may elect to seek damages from the third party. RCW 51.24.030(1). Where damages are recovered, the Department has a right of reimbursement for benefits it has paid to the worker or beneficiary. RCW 51.24.060(1)(c). RCW 51.24.060 governs the distribution of the third-party recovery to both the Department and the worker or beneficiary, and under RCW 51.24.030(5), " 'recovery' includes all damages *except loss of consortium*."[6] (Emphasis added.)

¶23 Simply put, only the worker or beneficiary's "recovery" as defined by RCW 51.24.030(5) is subject to distribution under RCW 51.24.060. And "recovery" does not include loss of consortium damages. This result obtains regardless of whether the worker or beneficiary recovers the entirety of the third-party judgment. Thus, the Board properly deducted Allyn's $200,000 loss of consortium "off the top" of the $466,736.13 partial recovery. If the legislature intended for the Department, in the event of a partial recovery, to

---

[6] Both parties agree that the term "damages," as it is used in RCW 51.24.030, refers to the entire third-party award and not any amounts actually received by the worker or beneficiary. Reply Br. of Appellant/Cross-Resp't at 15-16; Reply Br. of Respondent/Cross-Appellant at 5.

engage in some type of proportional deduction for loss of consortium, it would have so stated. We will not create a procedure where the legislature has not done so.

¶24 Nevertheless, the Department argues that in *Clark v. Pacificorp*, 118 Wn.2d 167, 183, 822 P.2d 162 (1991), our Supreme Court adopted a "proportional" approach in similar circumstances. Br. of Resp't/Cross-Appellant at 31. In that case, the court considered whether former RCW 51-.24.060(1)(f) (1991), which stated that when an employer is found partially at fault, the Department loses its right of reimbursement, provided for elimination or merely a proportional reduction of the Department's lien under RCW 51.24.060. *Clark*, 118 Wn.2d at 175. The court adopted the latter approach, finding that a total elimination of the Department's right to reimbursement was contrary to the purposes of the Industrial Insurance Act. *Clark*, 118 Wn.2d at 184. The court further found that a proportional reduction would prevent the injured worker or his beneficiary from receiving a double recovery, i.e., the third-party award as well as full statutory benefits from the Department, and would properly apportion fault among all parties consistent with RCW 4.22.070, Washington's comparative fault statute. *Clark*, 118 Wn.2d at 184-86, 190.

¶25 But the court's concerns in *Clark* are not present here—reduction of Allyn's "recovery" for RCW 51.24.060 purposes will not lead to a double recovery because loss of consortium is excluded from the definition of recovery and is not compensated by the Department, and this case presents no questions of proportional fault. *See Flanigan v. Dep't of Labor & Indus.*, 123 Wn.2d 418, 425, 869 P.2d 14 (1994) (because the Department's payment of benefits does not cover damages for loss of consortium, a beneficiary receiving these damages from a third party does not receive a double recovery). Accordingly, we do not consider *Clark* in our determination.

¶26 The Department also contends that Allyn failed to specifically allocate a portion of her $466,736.13 partial recovery for loss of consortium damages. It argues that

under *Mills*, Allyn was required to demonstrate that the loss of consortium damages were included in the third-party recovery.

¶27 In *Mills*, the injured worker and his spouse settled a third-party action but failed to allocate any portion of the settlement for the wife's loss of consortium claim. *Mills*, 72 Wn. App. at 576. On appeal, the Mills argued that the Department should designate some portion of their third-party recovery as compensation for loss of consortium. *Mills*, 72 Wn. App. at 577. The court rejected this claim, finding that the parties' failure to allocate a portion of the recovery as loss of consortium subjected the entire award to the Department's lien. *Mills*, 72 Wn. App. at 577. In so holding, the court reasoned that requiring the Department to allocate recoveries would "create[ ] another bureaucratic responsibility which would hinder rather than foster the Department's goal of minimizing the costs to the fund." *Mills*, 72 Wn. App. at 578.

¶28 *Mills* is inapposite to the instant case. Here, unlike in *Mills*, Allyn's third-party judgment clearly allocated loss of consortium damages; no designation by the Department was necessary. Moreover, as Allyn aptly points out, the Department, in arguing that it may proportionally deduct for loss of consortium damages because Allyn failed to allocate these damages in her partial recovery, now seeks to do precisely what it claimed it could not and need not do in *Mills*. We decline to impose a requirement on the Department to allocate for loss of consortium damages within a partial recovery where the jury's verdict has already done so. The third-party-recovery statutes require the Department to exclude this sum from its calculations under RCW 51.24.060.

¶29 In conclusion, the superior court did not err in determining that Allyn's loss of consortium damages should be taken "off the top" of her partial recovery for RCW 51.24.060 purposes. Summary judgment on this issue was proper.

## II. Determination of Litigation Costs

¶30 In her appeal, Allyn contends that the superior court erred in failing to determine her litigation costs. We agree.

¶31 Here, the superior court granted Allyn's motion for summary judgment on the determination of her gross recovery but it did not set her litigation costs at either $76,252.57 or $83,181.08. Rather, it remanded the matter to the Department to redistribute based on a gross recovery of $266,736.13.

¶32 On appeal, the Department concedes that it has waived any argument that Allyn's litigation costs were less than $76,252.57. Consequently, we would have to reverse the superior court and remand this issue to the Department to recalculate its reimbursement share based on a value of at least $76,252.57 even under the Department's position.

¶33 Allyn asserts that the Board erred in refusing to set her litigation costs at $83,181.08. All parties agree that Allyn demonstrated costs of $83,181.08 before the Board. But the Department and Hi-Way contend that, as a matter of law, Allyn is precluded from raising this claim because she failed to provide these costs to the Department before its February 2002 order. Allyn is correct.

¶34 RCW 51.24.060 plainly required Allyn to inform the Department of her costs prior to its distribution of her gross recovery. RCW 51.24.060(5) provides that "[i]t shall be the duty of the person to whom any recovery is paid *before distribution under this section* to advise the department . . . [of] the costs and reasonable attorneys' fees associated with the recovery." (Emphasis added.)

¶35 But because all parties appealed the Department and Board's decisions, the distribution process is not yet complete. Additionally, RCW 51.52.100 provides for de novo review by the Board of any Department order. Accordingly, Allyn was entitled to raise additional costs before the Board, including the costs deducted for internal copying and postage.

¶36 Focusing upon the deducted costs, we note that the Department may petition the court to determine whether the worker or beneficiary's attorney fees and costs are reasonable. RCW 51.24.060(1)(a). Thus, the legislature clearly contemplated and provided a mechanism for review of attorney fees and litigation costs. The Department and Hi-Way point to no other authority suggesting a unilateral right to reduce litigation costs. The Department and Hi-Way's assertion that RCW 51.24.060(1)(a) does not provide for court review of *which* costs should be included in the Department's distribution calculations is not well taken, as a determination of reasonableness generally requires both consideration of the amount and type of costs and fees. In conclusion, the Department lacked discretion under RCW 51.24.060 to deduct a portion of Allyn's costs for internal copying and postage, and the Board erred in upholding this deduction.

¶37 We affirm the Board's determination of Allyn's gross recovery but reverse its determination of litigation costs, and we remand the matter to the Department for redistribution under RCW 51.24.060 based on Allyn's gross recovery of $266,736.13, litigation costs of $83,181.08, and any costs for internal copying and postage, which are not included in the $83,181.08.

### III. Attorney Fees

¶38 Finally, Allyn asserts that she is entitled to attorney fees both at the superior court and on appeal. The award of attorney fees in a worker's compensation case is controlled by RCW 51.52.130. Attorney fees are awarded to the worker or beneficiary where his or her appeal to the superior or appellate court results in a reversal or modification of the Board decision and additional relief is granted to the worker or beneficiary, as well as to the worker or beneficiary whose right to relief is sustained when the department or employer appeals. RCW 51.52.130. The statute encompasses fees in both the superior and appellate

courts when both courts review the matter. *Fred Meyer, Inc. v. Shearer*, 102 Wn. App. 336, 341, 8 P.3d 310 (2000), *review denied*, 143 Wn.2d 1003 (2001).

¶39 Here Allyn is entitled to reasonable attorney fees under either alternative provided by RCW 51.52.130. Allyn's appeal of the Board's decision regarding her litigation costs is reversed and will result in additional relief to her, and the Department's cross-appeal of the Board's determination of Allyn's gross recovery is sustained. Allyn incurred attorney fees in both defending and appealing the Board's decision before the superior court and this court. Because she prevails, we award her reasonable attorney fees in the superior court and in our court.

¶40 Affirmed in part, reversed in part, and remanded to superior court for entry of an order remanding the matter to the Department for redistribution under RCW 51.24.060 based on a gross recovery of $266,736.13, litigation costs of $83,181.08, and any costs deducted for internal copying and postage, which are not included in the $83,181.08. The matter is further remanded to determine Allyn's reasonable attorney fees in superior court; reasonable appellate fees will be set upon compliance with RAP 18.1.

HUNT and VAN DEREN, JJ., concur.